## The Amboy, Lansing and Traverse Bay Railroad Company v. Adam H. Byerly, Thomas D. Dewey and David Gould.

*Report of referee — error in its conclusions of law — how advantage can be taken of.* — Sec. 6 of the Referee Act, ( *Laws of* 1861, *p.* 157,) is to be understood as providing *simply* that the report of the referee, when not excepted to, shall stand as the finding or determination of the Court in term time for the purpose of authorizing the party in whose favor it is made to take judgment upon it as of course.

And, in such case, where the report is not excepted to, this Court, on error brought, will not set aside the judgment, as in the case of a judgment on special verdict, on the ground that the finding does not contain the facts and circumstances necessary to sustain the conclusions of law, but such question can only be raised by excepting to the referee's report, in accordance with Sec. 7 of said act.

*Heard July 8. Decided October 10.*

Error to Shiawassee Circuit.

*Newberry & Pond*, for plaintiff in error.

*E. Gould*, for defendant in error.

The facts sufficiently appear in the opinion.

COOLEY J.:

This was an action of assumpsit, brought by the defendants in error, who are bankers, to recover the amount of a certain promissory note, and also a sum claimed to be due on an overdrawn bank account. The cause was referred, in the Court below, to H. M. Newcomb, Esq., as referee, who reported as follows:

"The undersigned referee, appointed by a rule of this Court made in the above cause, having heard and examined the matters in controversy in said cause, and having examined on oath the several witnesses produced therein, finds the following facts, to wit:

"1st. That from April 1st to September 1st, 1864, plaintiffs were partners in business as bankers at Owosso, Michigan.

"2d. Defendants are and were a corporation existing under the laws of the State of Michigan, and during said time — from April 1st to September 1st, 1864 — kept a banking account with said plaintiffs.

"3d. That from said 1st day of April to said 1st day of September, said plaintiffs paid checks on them by said defendant to the amount of twenty-four thousand five hundred and three dollars and ninety-one cents.

"4th. Said plaintiffs were, at the time of the commencement of this suit, and still are, the holders of a promissory note, hereunto attached, made by defendants, dated June 30, 1864, for the sum of three hundred and thirty-eight dollars.

"5th. Plaintiffs, by their bill of particulars, demanded and served, give credit to said defendants to the amount

THE AMBOY, LANSING & TRAVERSE BAY R. R. CO. v. BYERLY.

of twenty-one thousand and fifty-nine dollars and forty five cents.

"6th. I, therefore, find that there is due to the above-named plaintiffs, from the above-named defendants, the sum of three thousand five hundred and fifty-one dollars and sixty-one cents, which includes interest at the rate of seven per cent. per annum, from September 3d, 1864, to February 13th, 1865, on the balance due September 3d, 1864, to wit: Three thousand four hundred and forty-four dollars and forty-six cents."

No exceptions appear to have been taken, on the hearing before the referee, to any rulings made by him, nor were exceptions filed to the report; but judgment having been entered thereon, error is brought, and it is claimed in this Court that the judgment must be reversed, because the referee erroneously treated the paid checks in the hands of the plaintiffs (below) as evidence of indebtedness on the part of the defendants to them.

The first thing to be determined by us is, whether this question is before us on the record. It is claimed by the plaintiffs in error that, under the statute, (*Laws of* 1861, *p.* 159, §6,) the report of a referee, like a finding of facts by a Circuit Judge, is to be regarded as in the nature of a special verdict, and that unless it contain all the facts and circumstances necessary to sustain its conclusions of law, any judgment based upon it must be erroneous, and no exceptions to the report are necessary to enable the party aggrieved to take advantage of the error.

The statute under which causes are tried by the Court without a jury, requires that the Court, on the request of either party, shall, in giving the decision, specify the facts found, and the conclusions of law thereon. — *Comp. Laws,* §3437. Circuit Court Rule 90 provides that "the finding of facts by the Court shall be treated in all respects as

13 MICH. — 2C.

a special verdict, and error may be alleged that the same does not support the judgment, as on a special verdict, but no ruling of law *embodied in such finding* can be reviewed except on exceptions, or on a case made as provided by statute." Under this statute and rule, if a party claims to be aggrieved by any ruling of the Court on the trial, which would affect the conclusions of fact, as upon the admission or rejection of evidence, his remedy is by bill of exceptions; but when the only error alleged is that the finding of facts does not support the judgment rendered, no exceptions are necessary, as the finding itself becomes a part of the record, which thus presents the question as fully as it could be presented by exceptions. —*Trudo v. Anderson,* 10 *Mich.,* 357.

The section of the statute of 1861 referred to, provides that "the referees shall report to the Court in writing, showing the facts found and the conclusions of law separately; and such report may be filed in term time or in vacation, and shall stand as the finding of the Court in term time, unless excepted to, and judgment may be entered thereon in the same manner as if the action had been tried by the Court." If, under this section, the report by the referee is to be treated in all respects as a finding by the Court, and all the same consequences are to follow, it is clear that the position of the plaintiffs in error is correct, and that this judgment cannot be supported, unless it appears by the report that all the facts necessary to sustain the referee's conclusions of law were found by him.

Section seven of the same statute provides that either party, within ten days after receiving notice of the filing of the report, "may file with the clerk, exceptions *to any conclusion of law in such report;* and shall serve a copy of such exceptions on the opposite party; and, exceptions being filed and served, the case may be noticed for argument before the Court, on such exceptions, on

any day in term, on the same notice as shall be requisite for special motions; but it shall. not be necessary for the parties to file exceptions to the report in order to obtain a review of any ruling of the referees embodied in a bill of exceptions settled as provided by the next section."

Section eight provides that "either party, on the hearing before the referees, shall be entitled to take exceptions to any ruling of the referees, in the same manner as on trial in open Court;" and the mode of settling bills of exceptions, and returning them with the report, is pointed out.

We think it plain, from these provisions, that while the report of the referees is to stand in the place of a finding by the Court, a different mode is pointed out, for correcting errors of law alleged to exist in it, than that prescribed by rule ninety in the case of a finding by the Judge; for the exceptions to the report required by this statute are in addition to any which a party is required to take on a trial in open Court. The office of a bill of exceptions is the same under the statute of 1861, as under Section 3437 of the Compiled Laws and Circuit Court Rule 90; and it reaches all those rulings of law which, in the language of rule ninety, are "embodied in the finding, or which affect the finding of facts; while the exceptions to the report reach that class of errors which might be assigned on a Judge's finding without exceptions.

We are of opinion, also, that section six is to be understood as providing simply, that the report of the referee, when not excepted to, shall stand as the finding or determination by the Court in term time, for the purpose of authorizing the party in whose favor it is made to take judgment upon it as of course. If no exception is taken to it, the Court is warranted in treating its conclusions as accepted by the parties, and

the party moving for judgment upon it is only required to bring to the notice of the Court the fact that a report has been made to the Court in his favor, to which the other party has made no objection. This view is strengthened when we examine this section in connection with section nine, which points out the course to be taken when there are exceptions either to the report or upon the trial.

That section is as follows: " On the hearing of such bill of exceptions, or upon exceptions to the report, or both, the Circuit Court may confirm or set aside such report, in whole or in part, and, in its discretion, refer the case back to the referees, or enter judgment thereon. And in case that judgment shall be entered thereon, error may be brought on such judgment as in other cases, *in which case* the bill of exceptions, if any, the report and the exceptions to the report, shall be considered as forming a part of the record in the case, and the finding of facts by the referees shall be treated as a special verdict."

It was evidently the purpose of these several sections to require the party complaining of any ruling by the referee to seek his remedy in the Circuit Court before he should be entitled to bring error based upon such ruling. If the decision complained of was one made in the course of the trial, and which might affect the conclusions of fact, the remedy given is by bill of exceptions; but when the only complaint is that erroneous conclusions of law have been drawn, exceptions to the report must be filed, and the case brought to a hearing upon such exceptions. And on the hearing, it is in the power of the Court to correct the erroneous conclusions in the report, or to set aside the report altogether, and refer the case back, where the nature of the error is such that it cannot otherwise be remedied.

A practice that should allow a party to make his

objection to the report for the first time in a Court of
Error, after having apparently acquiesced in it in the
Court below, would be so manifestly unjust to both the
opposite party and the Court, that we are not prepared
to find in the statute an intention to establish it, unless
the language employed clearly requires us so to hold;
for the result is that we are asked to reverse the judg-
ment of the Court below on a point which was never
brought to its notice, and to inflict upon the opposite
party the costs of a suit in error, when an ample rem-
edy is afforded, without expense, in the Circuit Court.
And this injustice would be the more glaring in cases
where the error consisted in some omission which, in the
Court below, might have been supplied by amendment,
but which could not be corrected in this Court without
reversing the judgment, and remanding the case for a
new trial.

We do not think we are required by its terms to
give this statute a construction which will warrant such
a practice. On the other hand, while section six author-
izes judgment to be entered upon the report as of course,
when no exceptions have been taken, it is only in the
case of exceptions, either to the rulings on the trial or
to the report, and after those have been brought to a
hearing in the Circuit Court, that the statute provides,
by section nine, that " the exceptions, if any, the report
and the exceptions to the report, shall be considered as
forming a part of the record in the case, and the finding
of facts by the referee shall be treated as a special
verdict." And this provision is unnecessary and mean-
ingless if, without any exception to the report, it still
becomes a part of the record, for the purpose of allow-
ing a party to assign errors upon it in the Supreme
Court.

A very good reason is, apparent for requiring excep-
tions to a report of referees, where none would have

been required to a Judge's finding. The latter is the deliberate conclusion of the Court itself, from which the party aggrieved should be allowed an appeal; but the former is only the conclusion of an officer of the Court, which, if erroneous, it is to be presumed the Court will correct when the errors are brought to its notice, and an opportunity afforded for the exercise of its judgment upon them.

We are of opinion, for the reasons stated, that the plaintiffs in error are not in position to raise, upon this record, the question they have argued, and that the judgment must be affirmed, with costs.

The other Justices concurred.