## McNamara v. O'Brien.

LANDLORD AND TENANT.—Under chapter 72 of the Compiled Laws of Wyoming the relation of landlord and tenant does not exist by implication, or operation of law, except a tenancy by sufferance.

ERROR.—Whenever error is apparent upon the face of the record, the rule is, that it is open to re-examination whether it be made to appear by bill of exceptions or in any other manner.

ERROR to the District Court of Laramie County.

The facts are stated in the opinion.

*W. W. Corlett*, for plaintiff in error.

If it should be held, that the plaintiff could recover under her petition for the occupancy of the twelfth month, provided the defendant held over after the last month began; even then the evidence of N. J. O'Brien shows that the leasing was from April 5th, 1877, to April 5th, 1878, and that the keys of the storeroom were delivered on the 5th day of April, 1878, before twelve o'clock M. of that day; hence said defendant cannot be held liable for that month's rent, as charged in the petition, and the verdict was not sustained by sufficient evidence, and was contrary to the law governing the case, and hence the court below erred in overruling the motion for a new trial made by the defendant. See 2d Bouvier, page 7, sec. 19; Taylor's Landlord and Tenant, page 342, sec. 465; same, page 56, sec. 78; Angell on Limitations, page 41, sec. 50—latter part and note 3; Ohio Digest, vol. 1, page 535, sec. 6; Bishop on Contracts, secs. 702, 749; *et seq.* 752; Graham & Waterman on New Trials, vol. 3, pages 1179–81, 1192; Hilliard on New Trials, pages 336, 337, 338, 346, 353, 370; 12 N. H., page 171.

*C. N. Potter*, for defendant in error.

The only point made by the motion for new trial was

that the verdict was not supported by sufficient evidence and was contrary to law.

The verdict is in accord with the instructions of the court, which is the law for the jury, and to which no objection was made at the time, or since.

It was a question of fact fairly submitted to the jury, whether there was a lease for the second year. And also whether that contract had for its object and subject matter the renewal of the former lease, or was a new contract for the second year referring to the old one simply for the terms of the new.

If the jury took the former view, they should find for the defendant, if the latter, for the plaintiff.

It needs only the examination of plaintiff's authorities and a recurrence to the rule always held in this court to show that the verdict of a jury based upon conflicting evidence which fairly presents a question of fact, will not be disturbed by the court.

Sener, C. J. This is an action commenced in the district court of the first judicial district, in and for the county of Laramie, at the May term, 1878, having for its object the recovery of the sum of one hundred and twenty-five dollars, with interest, alleged to be due from the defendant in said action to the plaintiff therein, as rent for a store-room in the petition described, and for the rent thereof from the 5th day of March, 1878, to April 5th, 1878; said Emily E. O'Brien, as plaintiff in said action, averring in her petition filed in said cause, that the said one hundred and twenty-five dollars, with interest thereon, became due to her in accordance with a contract and lease theretofore entered into, in which plaintiff for a consideration of one hundred and twenty-five dollars per month, which said defendant undertook and promised to pay in advance monthly, leased said store-room to the defendant for the term of one year from the 5th of April, 1877. The defendant in said action, plaintiff in error here, by his answer denied all and singu-

lar the allegations in the petition of the plaintiff. At the May term, 1878, trial before a jury was had upon the issue joined, and upon the evidence produced, and upon the instructions given by the court; the jury returned a verdict assessing damages in favor of Emily E. O'Brien and against the defendant, in the sum of $129.37. Plaintiff in error here, defendant below, filed his motion in proper time to set aside the verdict and grant a new trial, which motion was overruled by the court and judgment rendered for the sum of 129.37, and costs of suit, to which ruling and judgment of the court the defendant then and there excepted, and the case is brought into this court on the petition in error of the said defendant, in said suit, in said district court.

The facts of the case are these: As appears by the testimony of the parties, P. J. McNamara in March, 1876, leased from N. J. O'Brien, as the agent of Emily E. O'Brien, a certain store-room in Cheyenne. For the first year there was a lease in writing running from April 5th, 1876, to April 5th, 1877; the lease being made by McNamara on his own part, and by N. J. O'Brien, as agent for Emily E. O'Brien. Under that lease he held during that year. After the year was ended he continued to hold for eleven months, as N. J. O'Brien says, under a lease, but the lease was verbal. Both sides agree that it was never reduced to writing and signed: and there was no evidence before the court and jury that for the second year there was any lease in writing.

In our opinion the judgment of the court below will have to be reversed, for the reasons: that the judgment of the court is in direct conflict with chapter 72, Compiled Laws of Wyoming, page 436, and was unsustained in law. That chapter expressly declares: "That hereafter in this Territory there shall not exist the relations of landlord and tenant, by implication or operation of law, except a tenancy by sufferance; that upon the expiration of a term created by lease, either verbal or written, there shall be no implied renewal of the same for any period of time whatever, either

by the tenant holding over, or by the landlord accepting compensation or rent for, or .during any period of such holding over; that such holding over by the tenant, and acceptance of rent by the landlord, shall constitute only a tenancy by sufferance, with the rights, duties, obligations and incidents of such tenancy ; that no lease which shall have expired by its own limitation, shall be again renewed, except by an express contract in writing, signed by the parties thereto, whether the original lease be written or verbal. Nor shall any other tenancy than that by sufferance exist after the termination of the original lease, unless created as aforesaid, by express contract in writing." There is no question about the fact that McNamara vacated the premises on the 5th day of March, 1878, and did not occupy up to the 5th of April, 1878, the period for which the month's rent is claimed in the petition, claiming that it was under a lease. We think there was no holding beyond the 5th day of April, 1878. The premises were vacated, the keys were turned over to O'Brien. It is true she refused to receive them, but the premises were none the less vacated. It is true there is some evidence to show that the privy was used, and rubbish might have been left in the cellar, but there was no holding over or rental or occupancy in any legal sense after the 5th of March, 1878. Under these statutes which we have quoted in full, there could, at best, be only a tenancy by sufferance. Now a tenant by sufferance is one who holds by permission or indulgence, without any right. Such an one has a bare naked possession, and no estate that he can transmit; and so is liable to be evicted at the pleasure of his landlord : and *e converso* the tenant, of course, being in by mere permission, has the right to leave at any time he sees fit, and of course is liable not as a tenant by the year, or by the month, but only at best for the actual time that he may be in possession of the premises, in this case only the occupancy for one day, and liability for only one day's occupancy, and then not recoverable under an action on a lease,

but to recover at all it should be for an actual holding over or occupancy by a tenant by sufferance, and this would not be for more than the *pro rata* of more than one day to thirty at the rate of one hundred and twenty-five dollars per month; and this, in our judgment, could not be recovered in the form and under the issue that was presented to the jury. This action possibly might be amended for the purpose of a recovery as against a tenant by sufferance, but until such amendment, clearly no recovery can or ought to be had. To our mind upon the testimony as presented in the record, the court was utterly without jurisdiction or authority to enter judgment upon the verdict stated in the transcript, upon the evidence shown in the case. If it should be objected to this reversal, as it is done by our associate who dissents, that a reversal ought not to be had because there was no error of law occurring at the trial that was excepted to at the time as shown by the record, we answer in the language of Justice Clifford, in *Insurance Company* v. *Piaggin*, 16 Wallace, 378: "Wherever the error is apparent in the record, the rule is that it is open to re-examination, whether it be made to appear by bill of exceptions or in any other manner; and it is everywhere admitted that a writ of error will lie when a party is aggrieved by an error in the foundation, proceedings, judgment, or execution of a suit, in a court of record." Here there was no foundation in law for the verdict. Indeed, we go further. It was not a mere error of law, but it was a verdict and judgment in spite of law, and in spite of evidence. Whenever that can be made apparent in this or any other appellate court, it ought never to hesitate about a reversal. We agree with the court in *Mitchell* v. *Anderson*, 1 Hill, 69, where it says, "the authority and duty of the court is very much misconstrued, if it be supposed that its sole function is a contest of dexterity between opposing counsel, and not to administer substantially the justice of the country." Surely we could not do this here if we allowed a verdict and judgment to stand without law or

evidence to sustain it.   For these reasons we think the
judgment of the court below should be reversed, and the
case remanded, with instructions to proceed in conformity
with this opinion.

Judgment reversed.

Pᴇᴄᴋ, J., dissenting.

Emily E. O'Brien obtained judgment in the district court
against P. J. McNamara; the latter filed here his petition
in error, with a transcript; died; and N. J. O'Brien was
appointed his administrator; qualified and entered upon the
trust; subsequently Emily E. O'Brien suggested the
death of the intestate upon the record of this court; under
her motion to revive the case against the administrator, he
has been duly cited in—has failed to appear—and his
default has been duly entered.   She now moves for an
affirmance.   This leads us to consider the contents of the
transcript.   A verdict was rendered for the plaintiff
below; the defendant moved for a new trial, upon the
grounds only that the verdict was not sustained by
sufficient evidence, and was contrary to law; the motion
was overruled, exception taken, and judgment then ren-
dered upon the verdict; no other exception was taken
below, and this court is asked to reverse the judgment upon
that one.   Two questions are presented: one, as to the
scope of the motion; one, as to whether it reaches any
defect in the case.

As to the first inquiry.   The motion is in terms based
upon subdivision sixth of section 306 of the Civil Code,
page 71 of the compilation,—which subdivision allows the
motion, if the verdict is not sustained by sufficient evi-
dence or is contrary to law; but as the last-mentioned
ground and subdivision eighth of the section, which subdi-
vision allows one for error of law occurring at the trial,
and excepted to by the party making the application—re-

late to the same subject matter and are therefore to be construed together; the motion is in effect based upon the two subdivisions.

A verdict rendered for a party for whom there is no evidence in the case, but which uncontradicted, establishes no fact or facts, on which a verdict can be based, and therefore proves nothing, is a verdict without evidence, unsustained by evidence. A verdict rendered for a party for whom there is evidence in the case, and which, uncontradicted, furnishes a basis for the verdict, and therefore proved something, — but which, contradicted, does not justify the verdict, is a verdict with evidence,—sustained by evidence, but by insufficient evidence,—and has therefore been rendered against the weight of the evidence. This is the verdict intended by the sixth subdivision, as one that is not sustained by sufficient evidence. It constitutes common law ground for granting a new trial on motion; and the statute, so far as respects this branch of the subdivision, merely repeats that law. A verdict contrary to law is based upon an error of law; the error must either have occurred antecedently at the trial, or have originated in the verdict; if the former was the fact, the error should have been excepted to when committed; this is the common law rule, and is what the eighth subdivision necessarily imports, because it indicates no intention to deviate from that rule; if the latter was the fact, the exception should have been taken, either to the order directing the verdict to be recorded, and therefore when the order was made; or, by the bringing of the motion, treating that as an exception—in which way it is in this case unnecessary to determine.

As to the second inquiry. The petition alleged a lease to have been made between the parties, whereby the plaintiffs below let to the defendant below certain premises for one year from March 5, 1876, at a given monthly rent, payable in advance; that the rent for the month beginning on March 6, 1878, was in arrear and asked for a judgment accordingly: the general issue only was pleaded.

Upon the trial the plaintiff below introduced evidence, of which the tendency was that prior to March 6, 1876, she leased the same premises to the defendant for one year from the 5th of March, 1876, at the same rent, payable monthly in advance; and before the expiration of that year verbally relet the premises to him for one year from the 5th of March, 1877, at the same monthly rent, payable in advance; and offered no evidence of any other lease as having been made by her to the defendant, than the two, which are last above stated; and that on the 5th of March, 1878, he tendered a partial surrender of the premises; here the plaintiff rested in her opening: thereupon the defendant in answer, introduced testimony, which agreed with the plaintiff's, as to the first letting; also as to the reletting, except as to the length of time for which the premises were relet; which also agreed with the plaintiff's evidence as to the surrender being partial, and how partial, and when made. The plaintiff rebutted, and no other evidence was introduced than what I have described. The defendant claimed that the tender vacated the premises, terminating the lease, and exonerating him from further rent; and made no claim to having terminated the lease otherwise. Under section 2d of the statute of December 1, 1875, entitled "An act concerning the relations of landlord and tenant," page 436 of the Compilation,—the second lease if in terms a renewal of or a new contract dissimilar to the original lease, created only a tenancy by sufferance; and the tender, because partial, was abortive. The court instructed the jury to find first, whether the second lease was a renewal of the first, or a new and independent one; secondly, if a renewal, whether the defendant had vacated the premises on the 5th of March, 1878; and if he had not, to render a verdict for the plaintiff for the rent claimed in the petition; if he had, to render one for him. The verdict was rendered for the plaintiff, and is the one which is in question. It was consistent with the evidence, for the testimony on both sides agreed that the second contract was verbal, therefore

in effect a tenancy by sufferance; and it agreed that the tender was only a partial surrender. The verdict was, therefore, strictly obedient to the charge. (The charge as to a new and independent contract, meaning a new and dissimilar one, founded upon a misconception of the law unduly favored the defendant, did not mislead the jury,—if it did, they found against this part of it, so that it was harmless.) Moreover, the issue which was raised upon the evidence, and the only one tried, was, as will be subsequently explained, substantially different from that which was presented by the pleadings. If the court could have tried the former, it was its duty to have ordered for the plaintiff below, the verdict that was rendered; because, where the verdict can upon the evidence be but one way and one thing, it stands determined upon the completion of evidence, and the court may not submit it to the determination of the jury, but must order it. Therefore in no aspect is this verdict unsustained by sufficient evidence.

The verdict is contrary to law: but by reason of an error of law, not originating in it, but occurring antecedently to it upon the trial. The contract which is alleged in extenuation, is special, because its terms are special and could exist only by a special contract. The contract, which appears in the proofs, is a tenancy by sufferance, arises by implication, and is no more than what would arise. The two are substantially different; call for correspondingly different proofs; and the latter could not have been introduced upon the record by amendment. Hence by her opening evidence the plaintiff below abandoned the contract that was in issue, and proceeded upon one that neither was, nor properly could be in issue. Consequently, when she rested in her opening, the defendant had a right on motion to a non-suit or a verdict; he omitted to claim either; and the evidence proceeded as I have explained; but at the close of the testimony and before the charge he might still have moved either for a non-suit, or a verdict: this he omitted to do; yet at the close of the charge he might have excepted

to the charge as given and have made either motion: and this he omitted to do: either application would have been based upon the fact, that there was no evidence in the case tending to sustain the petition: and upon the principle, that in the absence of such evidence the issue, which had been tried, was false; and there was nothing to leave to the determination of the jury; and that to submit the case to its determination would be error. An exception to a ruling against the motion would have completely protected him against the verdict, because it would have laid the foundation for a review either by a motion for a new trial or by a writ of error.

The motion reached no defect in the case, and the judgment should be affirmed.