THE STATE *ex rel.* WYATT, *Collector,* v. HOYT, *Appellant.*

Division One, June 19, 1894.

1. **Taxes:** ASSESSMENT: STATUTE. Where a tax payer neglects or refuses to furnish the assessor with a list of his property as required by Revised Statutes, 1889, section 7532, and the assessor makes the assessment, his action is judicial and is conclusive, except on appeal to the board of equalization.

2. ———: ———: ———. Evidence examined and *held* sufficient to warrant the finding that the list of his taxable property was not returned to the assessor by a tax payer.

3. **Personal Taxes, Action for:** STATUTE. Taxes assessed on June 1, 1886, for the year 1887, are not collectible under Revised Statutes, 1889, section 7626, making personal taxes assessed on or after June 1, 1887, a debt recoverable by personal judgment.

4. ———: ———: TAX BILL: EVIDENCE. A tax bill is competent evidence in such suit only by force of the statute to that effect.

5. ———: ———: ERROR PATENT OF RECORD. A judgment for the year 1887, being erroneous on the face of the petition, will be reversed even if no objection thereto was raised below.

6. ———: ———: OBJECTIONS BELOW. An objection to the competency of the evidence offered in proof of a valid assessment for the year 1887 sufficiently raises in the trial court the question of the propriety of the judgment for the taxes for that year.

*Appeal from Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Joseph Johnson* and *Kagy & Bremermann* for appellant.

(1) Assessments of personal property are made by calling upon and obtaining list of property from

tax payer, or by leaving list for him to fill. All property owned June .1 of each year shall be liable for taxes thereon for ensuing year. R. S. 1879, secs. 6685, 6716; R. S. 1889, secs. 7531, 7569. (2) If for any cause tax payer fail to make or furnish list, the assessor shall give either written or printed notice by leaving at residence or place of business not less than ten or more than twenty days. R. S. 1879, sec. 6686; R. S. 1889, sec. 7532. (3) If for any reason lists are not furnished, the assessor shall himself make list, on his own view, or may examine persons on oath as to facts. R. S. 1879, sec. 6689; R. S. 1889, sec. 7535. (4) Assessments may be raised or reduced by the county board of equalization, and it may send for persons and papers to obtain information as provided by section 7519, Revised Statutes, 1879, and section 7521, Revised Statutes, 1889, but in no case can that be done without notice to tax payer, for the board acts in a judicial capacity, and notice is a prerequisite to jurisdiction. *Ins. Co. v. Charles*, 47 Mo. 462; *Railroad v. Washington County*, 3 Neb. 43; *George v. Middough*, 62 Mo. 549; *Laughlin v. Fairbanks*, 8 Mo. 367; *Mining Co. v. Neptune*, 19 Mo. App. 438; *State ex rel. v. Hotel Co.*, 9 Mo. App. 450; *Relfe v. Ins. Co.*, 11 Mo. App. 374. (5) Prior to the act of 1887, which went into effect June 19, 1887, personal taxes could not be collected by suit, but only "taxes assessed on and after June 1, 1887, could be collected by suit. R. S. 1889, sec. 7626. The remedy prior to that act was by distraint. R. S. 1889, sec. 7608. (6) The court below gave judgment for the taxes of 1887, interest, etc., aggregating $223.42. The judgment includes the following items: Tax, 1887, $125; interest on same, $53.75; collector's fees, $26.80; attorney's fees, $17.87; in the aggregate, $223.42. (7) It may be said, and is doubtless true, that this point was not made below.

If, however, the petition does not state a cause of action as to this item, or if the error is apparent on the face of the record, this court will consider the point. *Campbell v. Carroll*, 35 Mo. App. 605; *Ingliss v. Floyd*, 33 Mo. App. 566. (8) The material facts are undisputed, and it is the duty of the appellate court to review the action of the trial court thereon and decide if its judgment is warranted by such facts. It is undisputed that plaintiff sued for and recovered the tax for 1887, and that no right of action existed is without doubt.

*H. M. Meriwether* for respondent.

(1) It is admitted by appellant that the petition states a cause of action against defendant for the years 1888 and 1889, but appellant contends that no cause of action is stated for the year 1887. This point was not raised in the court below at any stage of the proceedings. The cause was tried upon a different theory. It is mentioned for the first time in the brief of appellant. (2) Nor is the point well taken on the merits of the question. *State ex rel. v. Tittman*, 103 Mo. 553; *State ex rel. v. Rouse*, 49 Mo. 592; *Greeley v. Bank*, 98 Mo. 458. (3) However, if the court should be of opinion that the contention of appellant is correct as to the taxes for 1887, respondent would prefer to enter a *remittitur* in this court for said year rather than have a reversal of the judgment.

MACFARLANE, J.—This is a suit under section 7626 of the statute, to recover delinquent personal taxes charged against defendant for the years 1883, 1884, 1885, 1886, 1887, 1888 and 1889, with interest, penalty and cost. The defense was, *first*, the statutes of limitation; and, *second*, a special plea that the valu-

ation of the property given in by defendant had been raised by the assessor, without authority of law, and without notice.

The suit was commenced in Jackson county, and was taken to Clay county upon a change of venue, where it was tried by the court, without a jury.

On the trial, plaintiff read in evidence the tax bill, which was properly certified. This bill set out the valuation of the property for several years, the amount of delinquent taxes in favor of the several funds for each year, and the totals. The valuations, as they appear upon the bill, were as follows: 1883, $1,000; 1884, $15,000; 1885, $15,000; 1886, $10,000; 1887, $10,000; 1888, $20,000; 1889, $30,000. The total taxes amounted to $1,250.

Defendant testified, that for each of these years he filled out the lists furnished him by the assessor, in which the personal property owned by him was included, and that the lists were subscribed and sworn to by him, and returned to the assessor; that the valuation of the property as given in by him "ranged from $100 to $500 per year," and the valuations were raised to the amounts shown by the tax bill without notice to him.

Defendant never had a hearing before the county board of equalization, nor was the matter of his assessment ever brought before said board.

The assessor's books for the years 1887, 1888 and 1889 show that the amount of the assessment was "estimated by the assessor." The evidence tends to prove that the lists left with defendant by the assessor were never filled up and returned to his office. On cross-examination, defendant was not able to give the exact property or amount he had given in as the value of his property for any year, nor could he state definitely the name of the assessor or deputy to whom he

returned the lists, nor the location of the office to which they were returned.

The evidence of the deputy clerk was to the effect that, after a careful examination of the assessment lists deposited in the office, none were found which had been returned by defendant. The lists upon which estimates were made by the assessor for the years 1887, 1888 and 1889, were found in the proper place, and were introduced in evidence. These showed the valuations of those years as given in the tax bill. This was, in substance, the evidence given on the trial.

At the close of the evidence, defendant asked an instruction in the nature of a demurrer to the evidence, which was refused.

Defendant asked, and the court gave, the following declaration of law:

"The court, sitting as a jury, declares the law to be, that, if it finds from the evidence, that the defendant presented sworn statements containing lists of his personal property, and the value of the same, to the assessor of Jackson county, Missouri, or to any of his deputies, each and every year mentioned in plaintiff's petition, and that said lists were changed, or the value of defendant's personal property was increased by said assessor, or anyone in his employ, without the knowledge or consent of defendant, then the finding and verdict should be in favor of the defendant."

The court found for the plaintiff for the amount claimed for each of the years. A motion for a new trial was filed. Upon hearing the motion, at the suggestion of the court, plaintiff entered a *remittitur* for the amount found for the years 1883 to 1886, both inclusive, and judgment was allowed to stand on the amounts found due for the other years, 1887, 1888 and

1889, and the motion for a new trial was overruled. Defendant appealed.

I. The statute requires that the assessor shall call at the office, place of doing business or residence of each person required to list property, and shall require such person to make a correct statement of all taxable property owned by him, or under his care, charge or management, except merchandise. The person listing the property is required to enter a true and correct statement of such property in a printed or written blank, prepared for that purpose, which statement, after being filled out, shall be signed and sworn to as required by other sections. R. S. of 1889, sec. 7531; R. S. 1879, sec. 6685.

In case the person required to list his property shall be sick or absent when the assessor calls for a list of his property, the assessor is required to leave at the office, the usual place of residence or business of such person, a written or printed notice, requiring such person to make out and leave at the place named by the assessor, a sworn statement of the property he is required to list, and to leave with such notice a printed or written blank for the statement required of such person. He is required further to carefully note the date of leaving such notice, and the name of such person. It is further provided that if such person shall neglect or refuse to deliver the statement, properly made out, signed and sworn to as required, the assessor shall himself make the assessment. R. S. 1879, sec. 6686; R. S. 1889, sec. 7532.

The assessor is required, in case no list of property shall be given to him in proper time and manner, to make out the list himself, on his own view, or "on the best information he can obtain." R. S. of 1879, sec. 6689; R. S. of 1889, sec. 7535.

Vol. 123—23

In such case the assessor is also given the power to assess the property of such person at double its valuation. R. S. 1879, secs. 6686, 6690; R. S. 1889, secs. 7532, 7536.

The revenue laws also provide a county board of equalization, to which any person, who may think himself aggrieved by the assessment of his property, may appeal. R. S. 1879, secs. 6671, *et seq.*, and sec. 6719; R. S. 1889, sec. 7517, *et seq.*, and sec. 7572.

It may be well here to note the manner in which the assessor of Jackson county discharged his duties in respect to what was required of him under the foregoing sections, as was shown by the evidence. When a blank list was left at the office, or other proper place of the person required to make out a statement, a notice was also left requiring the list to be made out and returned within a specified time. The assessor retained a duplicate of this list with the name of the person with whom it was left, and the date at which left, indorsed thereon. The duplicates were destroyed, if lists properly filled out, signed and sworn to, were returned, otherwise they were retained and the assessor afterwards, being guided by the notations thereon, made the assessment. In this case the duplicates for the years 1887, 1888 and 1889, were found on file in the office of the clerk of the county court, and no assessment lists made out by defendant were found.

The prayer for a nonsuit, made by defendant at the close of the evidence, brought in question the sufficiency of the evidence to show a legal assessment. Defendant, in his testimony, does not insist that the blank lists were not left at the proper place for him, but claims that they were properly made out and returned by him in due time.

It would be utterly impossible for an assessor to remember, and be able to testify to the fact, that lists

had been left with each property owner, and that they had not been returned as required by law. Hence the statute requires that the fact of leaving the list should be specially noted by the assessor. The right and power of the assessor to make the assessment depends upon the due performance of his duties in respect to these requirements. The duplicate lists and notations thereon, which were retained in the office, and the subsequent assessment made by the assessor on the strength of these duplicates, all done by a public officer, in the regular discharge of his official duties, should be taken and held as having somewhat the characteristics of the return of an executive officer, and, in the absence of fraud, or actual misfeasance, should be taken, in a proceeding to enforce the collection of the taxes levied, as, at least, *prima facie* evidence of the existence of the facts upon which the power of the assessor to make the assessment was conditioned.

The tax bill, upon which suit is brought, is made by statute *prima facie* evidence that the amount of taxes therein set out is just and correct. Taking the tax bill, the presumption that a public officer has performed his duty at the proper time and in the proper manner and the evidence of what was done by the assessor, and omitted by the defendant, against the unsatisfactory evidence given by defendant, we think the finding of the circuit court, as to the taxes for the years 1887, 1888 and 1889, supported by the weight of the evidence.

There is no question here as to the right of the assessor to change a list which had been filled out, subscribed and sworn to by the property owner, nor as to the power of the county board of equalization to increase the value of property without notice to the owner. There is no evidence that either of these was done in this case.

When a tax payer neglects or refuses to furnish a list of his property to the assessor, it becomes the duty of the assessor to make the assessment "on his own view, or on the best information he can obtain." If the owner thinks injustice has been done by the assessor, he has the right to appeal to the board of equalization and have his wrongs remedied. It has been held that the action of the assessor under the revenue law is judicial, and when the jurisdiction to assess the property exists, his valuation, unless appealed from, is conclusive upon the one liable for the taxes. *Ins. Co. v. Charles,* 47 Mo. 462, and cases cited; *Railroad v. Maguire,* 49 Mo. 483.

"The courts, either of common law or of equity, are powerless to give relief against the erroneous judgments of assessing bodies, except as they may be especially empowered by law to do so." Cooley on Taxation [2 Ed.], 748.

The court upon abundant evidence found that the assessor performed every act necessary to give him jurisdiction to make the assessment; the valuation, therefore, placed upon the property by the assessor must be held conclusive in this proceeding.

II. The authority for obtaining a personal judgment against the party assessed with taxes upon personal property was given by the act of April 6, 1887, now section 7626. That act, by express terms, was made applicable only to taxes assessed on and after June 1, 1887. The property for taxation for the year 1887, was assessed June 1, 1886. It is very clear that the provision of the act does not apply to taxes for that year. The tax bill is made *prima facie* evidence of the correctness of the tax. All other modes of proof are dispensed with. No other proof was offered except as to the validity of the assessment. No levy of the tax was proved. Aside from the evidence the tax bill

afforded, there was no such proof of the correctness of the taxes for that year as authorizes the judgment. The tax bill was only competent by force of the statute. Whether a personal judgment could have been rendered, independent of the statute, we do not decide. We only decide that the tax bill was not competent evidence, independent of the statute, and no other evidence was offered. There was error in rendering judgment under the pleadings and evidence for the taxes for the year 1887.

It is insisted that the question was not raised by defendant, in the circuit court, and should not be considered here. But the error does appear on the face of the record. The petition counts upon the tax bill and shows upon its face that a recovery was asked for taxes assessed prior to June, 1887. The judgment includes the taxes for that year. Appellant makes the objection and insists upon it here.

It is well settled in this state that this court will reverse a judgment obtained on a petition which fails to state a cause of action, though no objection was made thereto in the lower court. *Childs v. Railroad,* 117 Mo. 414, and cases cited.

The suit, having been brought under the statute, stated no cause of action as to the taxes for the year 1887. This charge was for a distinct debt and should be treated as an independent cause of action, a separate count. Its fatal insufficiency is apparent upon the face of the petition.

But it can not be said that the question was not raised. Objection was made to the competency of the evidence offered to prove a valid assessment for the year 1887. That evidence showed that the assessment for the year 1887 was made June 1, 1886, and it was clearly incompetent in a suit under this statute.

Judgment reversed and cause remanded with directions to enter a judgment for the taxes, interest and costs for the years, 1888 and 1889. All concur, except BARCLAY, J., who dissents.