# REPORTS OF CASES

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

APRIL TERM, 1904.

## NICHOLS v. BOARD OF COMMISSIONERS OF WESTON COUNTY ET AL.

APPEAL AND ERROR—JUDGMENT NOT SUPPORTED BY PLEADINGS OR FINDINGS—EXCEPTION.

1. A final judgment not supported by the pleadings or findings may, for that reason, be reversed on error upon the record proper, without a bill of exceptions or transcript of the evidence.

2. A final judgment in a cause may be reversed on error upon the ground that it is not supported by the pleadings or findings, though no exception was taken to the judgment nor motion made in the court below to vacate or modify it.

3. The same principles are applicable where the pleading relied upon to support the judgment is a cross-petition, or an answer in the nature of a cross-petition.

4. Judgment reversed and vacated and the cause remanded where, in an action to set aside a tax sale, the judgment, upon admittedly insufficient allegations in the answer and insufficient findings, ordered the title to the property quieted in the purchaser.

[Decided May 9, 1904.]                    (76 Pac., 681.)

ERROR to the District Court, Weston County, HON. JOSEPH L. STOTTS, Judge.

The action was brought by M. V. Nichols against the Board of the County Commissioners of the County of Weston and others to set aside a tax sale. From a judgment in favor of the defendants and quieting the title in one of the defendants to the property in controversy, the plaintiff brought error. The material facts are stated in the opinion.

*Gibson Clark* and *S. A. Osborn,* for plaintiff in error.

A judgment not supported by the pleadings is as fatally defective as one not sustained by the verdict or findings. (Bachman v. Sepulveda, 39 Cal., 688; Putnam v. Lampher, 36 Cal., 151; Harris v. Harris, 10 Wis., 467; Marshman v. Conklin, 21 N. J. Eq., 546; Frevert v. Henry, 14 Nev., 191; Friddle v. Crane, 68 Ind., 583; Knudson v. Curley, 30 Minn., 433; Ellison v. Bank, 130 Mass., 48; Leonard v. Robbins, 13 Allen, 217; 11 Ency. Pl. & Pr., 868-9 and notes; Koch v. Hubbard, 85 Ill., 533; Wood v. Nicolson, 23 Pac., 588; Johnston v. Johnston, 39 Pac., 725.)

If the error in the judgment appears on the face of the record, it will be corrected on appeal, although no exception was taken to the judgment. (8 Ency. Pl. & Pr., 289; Whitehead v. Jessup, 43 Pac., 1043; Koch v. Hubbard, 85 Ill., 533; Wood v. Nicolson, 23 Pac., 588; Johnston v. Johnston, 39 Pac., 725; Ritchie v. Ry. Co., 39 Pac., 718; Elliott App. Proc., Secs. 471, 472, 477, 478; 2 Cyc., 706, 679-691; Wyatt v. Henderson, 48 Pac., 790; McNamara v. O'Brien, 2 Wyo., 447; Soper v. Gabe, 41 Pac., 969; Foster v. Willson, 2 Pac., 310; Parker v. Bond, 1 Pac., 209.)

A cross-complaint must state facts sufficient to entitle the pleader to affirmative relief, and it will not be assisted by the averments of any other pleading in the case, but must itself state a complete cause of action. (Kreichbaum v. Melton, 49 Cal., 50; Collins v. Bartlett, 44 Cal., 371; Coulthurst v.

Coulthurst, 58 Cal., 239; Conger v. Miller, 104 Ind., 592; 5 Ency. Pl. & Pr., 680, and notes; Elliott's App. Proc., Sec. 478 and cases cited; Pomeroy's Code Rem., Secs. 808, 738; Quinn v. Smith, 49 Cal., 165; Hill v. Butler, 6 O. St., 207.)

The denial in an answer of the allegations of the petition constitutes, if established, a mere bar to plaintiff's suit and furnishes no ground for affirmative relief. (Pomeroy's Code Rem., Sec. 88.) If the second defense of the answer is to be considered as in the nature of a counter-claim or cross-petition, it is wholly insufficient. It does not allege that defendants, or any of them, are, or ever were, in possession of the property, which allegation is necessary in a suit to quiet title. (R. S., Sec. 4104; Pomeroy's Code Rem., Sec. 369; 3 Pomeroy Eq. Jur., Sec. 1396; Thomas v. White, 2 O. St., 540.) The necessary allegation is not made that the plaintiff or anyone is making any claim to the property adverse to the defendant cattle company. (R. S., Sec. 4104.) It appears from the answer that the defendant cattle company claims title under some sale made by the County Treasurer in some undisclosed proceeding authorized by law; it wholly fails to allege how or in what manner the treasurer was authorized to sell the property, and hence is wholly insufficient. (Koch v. Hubbard, 85 Ill., 533.) Giving the answer the most liberal construction, it is entirely insufficient to sustain the judgment quieting the title in the defendant cattle company.

A tax sale of dams and ditches cannot of itself vest in the purchaser the title and all rights to the property, for the reason that such property is real and not personal in character, and the purchaser would not acquire a legal title, but only a right to a certificate of sale entitling him to a deed in the event that the property is not redeemed in three years. (R. S., Secs. 1888-1895; 25 Ency. Law (1st Ed.), 400, 401; 2 Desty on Tax., 853; 1 id., 300; Long on Irr., 80; Smith v. O'Hara, 43 Cal., 371; Burnham v. Freeman, 11 Colo., 601; Child v. Whitman, 42 Pac., 601; Hayes v.

Fine, 27 Pac., 772; 25 Ency. Law (1st Ed.), 105-6.) The
general finding for the defendants, even if not controlled by
special findings, cannot be carried any further than the
issues made by the pleadings. (8 Ency. Pl. & Pr., 945.)
The special findings are plainly inadequate to sustain the
judgment. The decree is prejudicial to the plaintiff in
error, since it took from him his rights under the statute
to redeem his property from the tax sale, which would not
expire for nearly two years after the date of the decree.

*J. A. Van Orsdel* and *D. A. Fakler,* for the Board of
County Commissioners.

In the absence of any exception being taken in the trial
court to the entry of the judgment, this court will refuse
to entertain or hear the objection now interposed in the
first instance in this court. (8 Ency. Pl. & Pr., 287; Miller
v. State, 3 Wyo., 657; Barney v. Schirling, 40 Miss., 320;
Hintz v. Graupner, 138 Ill., 159; Gray v. Gwinn, 30 Ind.,
409; Burhans v. Norwood, 138 Ill., 147.) No motion for
new trial was made in the court below and no ground what-
ever was alleged for the perfecting of an appeal to this
court.

*Nichols & Adams,* for the Kent-Bissell Cattle Company.

In the absence of objection and exception, it cannot be
complained of on appeal that there is a variance between
the judgment and pleadings or between the judgment and
verdict. It should be shown in what the variance consists
and a motion made to correct or modify the judgment, so
as to conform it to the verdict, or a motion made to set it
aside. (8 Ency. Pl. & Pr., 292.) Plaintiff in error is in no
position to complain of the judgment below, for the reasons:
(1) The cause was reinstated after being dismissed for want
of prosecution at the request of the plaintiff in error; (2)
the cause was tried at his request; (3) no objection what-
ever was made in the court below by the plaintiff in error,
but, so far as the record discloses, he acquiesced in all that

was done.  (8 Ency. Pl. & Pr., 296; Scott v. Ry. Co. (Minn.), 43 N. W., 966.)

CORN, CHIEF JUSTICE.

This suit was brought by plaintiff in error to set aside a sale of certain dams and irrigation ditches for taxes claimed to be due to Weston County.  The defendants answered, first, by a general denial.  For a second defense they allege that "the County Treasurer of said Weston County proceeded to advertise the property in controversy as required by law, and the defendant, the Kent-Bissell Cattle Company, were the purchasers thereof, for value and in good faith, and they are now and ever since have been the absolute and unqualified owners thereof."  And the answer concludes with the prayer:  "That the said sale be approved by this court and the property in controversy and the title thereto be quieted in the defendant, the Kent-Bissell Cattle Company, and for such other and further relief as the court may deem just and proper in the premises."

The court, upon a hearing, found that the sale for taxes was regular and legal, and vested the title to the property in the defendant cattle company, and ordered that the sale be approved and the title quieted in the said company.  No exception was taken by the plaintiff to any of the proceedings or orders of the court below, and there was no motion to set aside or modify the judgment, but the case is before us, without any bill of exceptions, upon the record proper of the District Court.  Plaintiff in error urges that, under the pleadings and the findings of the court, as set forth in the order and judgment, it had no jurisdiction or power to render any judgment against the plaintiff other than to dismiss his petition and allow costs against him in favor of the defendants;  and that the judgment, in so far as it attempts to quiet the title of the company to the property and to enjoin plaintiff from making any claim thereto; is not supported by the pleadings or the findings of the court and should be reversed.  Defendants in error, upon the

other hand, contend that, in the absence of any bill of exceptions or transcript of the evidence, and no exception noted upon the record to the entry of judgment in the court below, the objection will not be heard or entertained in the first instance in this court. It is not contended by defendants in error that the judgment is supported by the pleadings or the findings, but the case is submitted by them upon the single proposition that, in the absence of any sort of exception by the plaintiff in the court below, the judgment is not before this court for review.

The question is scarcely an open one in this court. The Supreme Court of Ohio, from which state the provisions of our statutes, bearing upon the subject of exceptions, were taken, long ago decided that "they manifestly relate to decisions which are made by the court upon questions of law which arise during the progress of the trial." And they say, "these provisions of the code do not relate to the final judgment of the court, which, at the close of the trial, definitely fixes the rights of the parties in the action. The judgment is not properly a part of the trial, but forms the subject of a distinct title in the code. If the record shows such final judgment to be erroneous, it is the right of the party aggrieved to have it reversed, vacated or modified, on petition in error, to the proper reviewing court. To note an exception to a final judgment, in the court which renders it, after the controversy is there ended, would seem to be utterly futile." (Com. Nat. Bank v. Buckingham, 12 O. St., 402.) Other states adopting the Ohio code of procedure have, so far as we have been able to ascertain, all adopted this view of the meaning of these provisions. (Vreton v. Beltezore, 17 Neb., 399; Black v. Winterstein, 7 Neb., 225; Koehler v. Ball, 2 Kan., 169; Lender v. Caldwell, 4 Kan., 346; Wilson v. Fuller, 9 Kan., 176; Wood v. Nicolson, 43 Kan., 462.)

In the last named case the plaintiff obtained judgment quieting his title under a tax deed. The defendant did not preserve any exception and did not appear or answer

in the lower court, but took the case to the Supreme Court, alleging that the petition did not state facts sufficient to constitute a cause of action against her. The Supreme Court found, upon an examination of the record, that the petition was fatally defective and reversed the judgment. The court say: "Any material error apparent in the final judgment of a District Court may be corrected by proceedings in error in this court, although no exception was taken by the party complaining, and no appearance by him at the trial and judgment, and no motion made to set aside the judgment." And the Supreme Court of this territory, prior to the adoption of the Ohio code in this jurisdiction, decided the point in the same way, citing Ins. Co. v. Praggio, 16 Wall., 378, and Mitchell v. Anderson, 1 Hill (S. C.), 69. (McNamara v. O'Brien, 2 Wyo., 428.) These authorities are applicable to the case under consideration, and we think they are binding upon this court.

Counsel for defendants in error, however, referring to 8 Ency. Pl. & Pr., 287, and the cases there cited, maintain that the Supreme Court of the United States and the courts of twenty-four of the states establish a different rule. But this is a misconception of the decisions. It is true that matters occurring in the trial, not vital to the question of jurisdiction or the foundation of right and not in the record proper, will not be noticed by the reviewing court unless they are excepted to at the time and brought into the record by a bill of exceptions. They are presumed to have been waived. But error of a substantial kind, appearing upon the face of the record proper, is error in law and will be corrected by the reviewing court without any exception having been taken, and, of course, no bill of exceptions is necessary to bring such matters into the record. (Andrews Stephen's Pleading, 204.) This principle is repeated over and over again by the Supreme Court of the United States. In Slacum v. Pomery, 6 Cranch, 221, the court found that the omission of a certain averment was fatal to the declaration, and they say: "Had

this error been moved in arrest of judgment, it is presumable the judgment would have been arrested; but it is not too late to allege as error, in this court, a fault in the declaration, which ought to have prevented the rendition of a judgment in the court below." In Bennett v. Butterworth, 11 How., 676, the verdict was held not to support the judgment, and the court say: "As these errors are patent upon the record, they are open to revision here, without any motion in arrest of judgment or exception taken in the District Court." (Suydam v. Williamson, 20 How., 433; Pomeroy v. Bank, 1 Wall., 600; Rogers v. Burlington, 3 Wall., 661; Thompson v. R. R. Co., 6 Wall., 137; Ky. Life Ins. Co. v. Hamilton, 63 Fed., 93.)

The rule is the same in all the states whose decisions we have examined. In Pennsylvania it is said, "where the defect appears on the face of the declaration, it is the settled law that a court of error is bound to notice it." (Maher v. Ashmead, 30 Pa. St., 344; Fritz v. Hathaway, 135 Pa. St., 274.) In Michigan it is said: "When the only error alleged is that the finding of facts does not support the judgment rendered, no exceptions are necessary, as the finding itself becomes a part of the record, which thus presents the question as fully as it could be presented by exceptions." (R. R. Co. v. Byerly, 13 Mich., 442; Trudo v. Anderson, 10 Mich., 365; Peck v. Bank, 51 Mich., 359.) The Missouri court say: "It is well settled in this state that this court will reverse a judgment obtained on a petition which fails to state a cause of action, though no objection was made thereto in the lower court." (State ex rel. v. Hoyt, 123 Mo., 357; Childs v. R. R., 117 Mo., 414.) And this is the established rule. (Thornton v. Brady, 100 N. C., 38; Koch v. Hubbard, 85 Ill., 53; Bissell v. City, 6 Tex., 54; Parker v. Bond, 5 Mont., 1; Holt v. Van Eps, 1 Dak., 206; Ford v. Booker, 53 Ind., 395; Evans v. Iglehart, 6 Gill & J., 199.) It is scarcely necessary to say that when the pleading relied upon to support the judgment is a cross petition, or an answer in the nature of a cross-petition, the application of the principle is the same.

The judgment will be reversed and vacated and the cause remanded for such .further proceedings in the court below as may be proper upon the record.

*Reversed and remanded.*

Knight, J., and Potter, J., concur.    .  .