## PATRICK v. STATE.

CRIMINAL LAW—APPEAL AND ERROR—INDICTMENT AND INFORMATION
—RAISING QUESTION OF SUFFICIENCY ON APPEAL—JURISDICTION OF
SUBJECT MATTER—QUESTIONING ON APPEAL—MOTION TO DISMISS.

1. The objection that an indictment or information wholly
   fails to state facts which constitute an offense may be
   raised for the first time in the appellate court; but only
   substantial defects may be so raised. Defects in the form
   and in the manner in which the offense is charged are
   waived unless presented by motion to quash or plea in
   abatement, in which case exceptions must be preserved to
   authorize review on error.
2. The objection that the trial court was without jurisdiction
   of the subject matter of the action may be raised at any
   stage of the proceedings, but, in the absence of a bill of
   exceptions, the want of jurisdiction must affirmatively ap-
   pear, and cannot be shown by affidavits or by other matters
   not part of the record proper.
3. Alleged insufficiency of the information to charge an of-
   fense, and the claim that the trial court was without juris-
   diction of the subject matter are questions involving the
   validity of the judgment, and are not properly presented
   by a motion to dismiss proceedings in error.

[Decided July 15, 1908.]                    (96 Pac. 527.)

ERROR to the District Court, Natrona County, HON.
CHARLES E. CARPENTER, Judge.

Heard on motion to dismiss.

*W. E. Mullen,* Attorney General, for the State, in sup-
port of the motion to dismiss.

No exceptions were taken or reserved to the judgment
and sentence, which judgment was fully paid, satisfied, and
discharged by the payment of the fine and costs imposed.
The payment of a fine, even if the payment be accompanied
by a formal protest made after judgment and filing in
writing, is not an exception to the judgment. (Atchison
v. Arnold, (Wyo.) 73 Pac. 964.) But, if it should be con-
sidered as in the nature of an exception, it does not ap-

pear in the record of the judgment, and could only be preserved for consideration here by a bill of exceptions. (Johnson v. Irr. Co., 4 Wyo. 164.) If an exception had been taken to the judgment, it could not be considered here after a full compliance with the judgment. There can be no appeal from a judgment entered, satisfied, and discharged by a full compliance therewith, for the reason that every issue determined by the judgment is withdrawn from further controversy, and the appeal presents nothing but abstract questions. (Diefenderfer v. State ex rel., 13 Wyo. 387.) The satisfaction of the judgment is the last act and end of the proceeding. (Norton v. Court, 65 Cal. 496; People v. Burns, 78 Cal. 645.) A motion in arrest, if made at all, must be made before sentence. (Abbott's Cr. Tr. Br., 734; Terr. v. Corbett, 3 Mont. 50.) The so-called motion in arrest is not based upon the prescribed statutory grounds. (Sec. 5418, R. S. 1899.)

According to appellant's own theory of the case, a motion in arrest would not afford the remedy sought, for the reason that if the judgment was erroneous, or even void, for want of jurisdiction of the person or the subject matter, the only practical relief available after the payment of a fine in satisfaction of the judgment, would seem to be such as might be accorded in some appropriate action brought for the recovery of the money, from the person or persons having possession thereof. (Houtz v. Commissioners, 11 Wyo. 152.) The errors discussed in the brief, relative to the manner in which the offense was charged, are such as could be excepted to, only by a motion to quash, plea in abatement, or demurrer. (Koppala v. State, 89 Pac. 576; Wilbur v. Terr., 3 Wyo. 268; Miller v. State, 3 Wyo. 657; Tway v. State, 7 Wyo. 74.) A plea of guilty having been entered, there remained nothing for the court to do but render judgment and fix the punishment prescribed by law. (Hollibaugh & Bunten v. Hehn, 13 Wyo. 276.)

Evidence in the form of affidavits, and other papers, and exceptions taken to orders and rulings thereon, made subsequent to the entry and satisfaction of judgment, which appear annexed to the original papers filed in this court, cannot be reviewed on appeal unless properly presented in a duly authenticated bill of exceptions. (Koppala v. State, *supra.*) There is, therefore, nothing before this court subject to review nor evidence of any other fact indicating an irregularity in the entry of judgment in the remotest degree.

*Allen G. Fisher,* for plaintiff in error, *contra.*

The motion to dismiss is not based on proper grounds. This petition in-error should be heard because the foundation of the proceeding is an unconstitutional statute and because the record does not show jurisdiction, which would not be waived by payment of the fine and costs under protest. In this record there is no evidence of arrest, of service of information by copy, or of jurisdiction acquired, unless it be a voluntary appearance by defendant. In no criminal case has it ever been held that the defendant waives a copy of the criminal charge. But this is not a criminal charge; it is a civil proceeding for a penalty pursuant to the provisions of Section 2095, of the Sheep Inspectors Act, and by his voluntary appearance defendant waived the issuance and service of summons, entered his general appearance, waived time to answer, and here challenges the constitutionality of the statute by a motion in arrest of judgment, or an oral demurrer here and saves his right while imprisoned, and in duress, without any warrant, by a payment under protest, the·same as he might do in a similar case if held under an execution against his person for a debt.

The case is exactly parallel with an action under an ordinance "in the nature of a civil action for the recovery of a debt." (Sutton v. McConnell, 46 Wis. 269; Ry. v. Foster, 43 Ill. 480; Huron v. Carter, 5 S. D. 4; Peterson v. State, (Neb.) 112 N. W. 308; Jenkins v. Cheyenne, 1 Wyo. 289.)

The commitment being but an execution enforcing the judgment, a payment under protest will save the right of review. The history of the statute relied upon shows it to be void upon the grounds sought to be set up in the plaintiff's brief. The motion in arrest being matter of record by statute, no bill of exceptions is necessary; and unless the protest is matter of record, there is no proof before this court that this judgment has been satisfied. (State v. Bartley, 56 Neb. 810; Black v. Winterstein, 6 Neb. 224.)

BEARD, JUSTICE.

This case is before the court at this time on the motion of the Attorney General to dismiss the proceedings in error on the grounds: 1. That "the record proper presents no exceptions for review by this court independent of exceptions which are required to be incorporated within, and preserved by a bill of exceptions"; and 2, "No bill of exceptions has been filed in said cause, and the proceedings here present no issue or question whatever for review by this court."

The case is a criminal action, and the record here presented contains the information, the plea of guilty by the defendant and the judgment of the court imposing a fine upon the defendant. The petition in error alleges that the information "wholly fails to state facts which constitute any violation of the laws of Wyoming," and that "the district court of Natrona County was without jurisdiction of the subject matter of said prosecution." By his plea of guilty, the defendant admitted that he committed the acts charged in the information; but if those acts did not constitute any violation of law, it is clear that the judgment is erroneous. It is quite well settled, we think, that if an indictment or information wholly fails to state facts which constitute an offense, that that objection may be raised for the first time in the appellate court. (12 Cyc. 811.) But it is only substantial defects in the indictment or information that may be so raised. Defects in the form of the indictment or information and in the manner in which the offense is charged

are waived if not presented by motion to quash or by plea in abatement, in which case exceptions must be preserved in the record to authorize a review in this court. In Nichols v. Commissioners, 13 Wyo. 1, it was held that when the judgment was not supported by the pleadings or findings, no exception to the final judgment was necessary to entitle the party to a reivew in this court; and that no bill of exceptions was required to bring such matter into the record, as it appeared upon the face of the record without the aid of a bill. That was a civil action, but we think the same rule applies in criminal cases, and where the error complained of appears upon the face of the record proper, no bill of exceptions is necessary to present the question.

The objection that the trial court was without jurisdiction of the subject matter of the action may also be raised at any stage of the proceedings. (8 Enc. P. & P., 171 *et seq.;* 12 Cyc. 816.) But in the absence of a bill, the want of jurisdiction must affirmatively appear upon the record and cannot be shown by affidavits or by other matters which are not part of the record proper. The alleged insufficiency of the information to charge an offense and the claim that the trial court did not have jurisdiction of the subject matter of the action are questions which involve the validity of the judgment and should be determined upon the merits and are not properly presented by the motion to dismiss. The motion to dismiss the proceedings in error will, therefore, be denied.                    *Motion denied.*

POTTER, C. J., and SCOTT, J., concur.