[L. A. No. 1215.    Department One.—March 26, 1904.]

THE PEOPLE, Appellant, v. PERRIS IRRIGATION DISTRICT, Respondent; J. C. HUTCHINGS, Intervener, Respondent.

APPEAL—MOTION TO DISMISS—SERVICE OF NOTICE—PERSON IN CHARGE OF OFFICE.—Where the notice of appeal was left in a conspicuous place upon the office-desk in the office of the attorney for the party to be served, during his absence therefrom, and in the presence of the person in charge of the office at the time, and after calling his attention to the paper thus served, the notice was, in contemplation of law, left with a person having charge of the office, as provided in section 1011 of the Code of Civil Procedure, and the

service was sufficient, and a motion to dismiss the appeal for the want of proper service must be denied.

IRRIGATION DISTRICT—JUDGMENTS OF CONFIRMATION—ACTION TO SET ASIDE—FRAUD—STATUTE OF LIMITATIONS.—An action on behalf of the people to set aside judgments confirming the organization of an irrigation district, on the ground that they were procured by fraud alleged to have been discovered within less than three years prior to the commencement of the action, is within the limitation of subdivision 4 of section 338 of the Code of Civil Procedure; and the limitation of four years provided for in section 343 of the same code has no application.

ID.—CONSTRUCTION OF IRRIGATION ACT—LIMITATION OF ACTION AFFECTING VALIDITY OF ORGANIZATION.—The provisions of section 3 of the Irrigation District Act of 1887, that "no action shall be commenced or maintained, or defense made, affecting the validity of the organization, unless the same shall have been commenced or made within two years after the making and entry of said order," declaring the "territory duly organized as an irrigation district," are to be construed as applying only to a direct attack on the proceedings for the organization of the district, and has no relation to proceedings for confirmation under the act of 1889, nor to an action to set aside a judgment of confirmation for fraud.

ID.—VALIDITY OF ORGANIZATION NOT ASSAILED.—The validity of the organization of an irrigation district depends upon the regularity of the proceedings held under the act of 1877, providing for the organization, and not upon a subsequent decree of confirmation which is merely evidence of its validity, which is conclusive so long as it stands unimpeached; and an action to set aside such decree for fraud is an attack only upon the evidence of such judgment, and not a direct attack upon the validity of the organization.

ID.—SUFFICIENCY OF PLEADING—FRAUD EXTRINSIC TO MERITS—DEFENSE TO CONFIRMATION.—Where the complaint to set aside the decrees of confirmation shows, as to one of them, that the court was fraudulently induced to believe, by a false affidavit, that notice of the time and place of hearing the petition was given, but that there was in fact no such notice, and shows, as to other decrees, that an attorney employed to contest the petition was bribed to absent himself and to allow the petition to be granted by default, it sufficiently shows, as to each decree, that it was procured by fraud extrinsic to the merits, and where it also shows a defense to the actions for confirmation it states a cause of action in equity to set aside the decrees.

ID.—DEFENSE—FRAUDULENT ORGANIZATION OF DISTRICT—STATUTE OF LIMITATIONS—PLEADING.—Where the defense to the confirmation consisted of facts showing the fraudulent organization of the district, the mere fact that the statute of limitations might be available against such defense does not prevent it from being a showing

of merits. It is not necessary to show that it was not barred; and it cannot be assumed that the statute will be interposed. The parties who obtained the judgment by fraud cannot have the benefit of the statute without pleading it in a proper action.

ID.—INSUFFICIENT RECORD OF ORGANIZATION.—Where enough facts are admitted by the demurrer to the complaint to show that the proceedings for the organization of the district were invalid upon the face of the record, it follows that the parties interested could maintain their rights when assailed without any action to declare the organization invalid.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, and Works, Lee & Works, for Appellant.

Cristopher C. Wright, Oscar A. Trippett, and L. L. Boone, for Intervener, on motion to dismiss appeal.

John F. Crowe, for Irrigation District, Respondent.

SHAW, J.—This is an appeal from a judgment given upon the sustaining of demurrers to the complaint. The defendant filed a general demurrer, and one J. C. Hutchings, an intervener, filed a general demurrer, and also stated as a ground of said demurrer that the action was barred by the statute of limitations.

A motion to dismiss the appeal was made on the ground that the notice of appeal had not been served upon the intervener. The transcript, as printed, shows service upon the defendant, but fails to show that there was any service of the notice upon the intervener. In response to the motion, the appellant has presented affidavits to show that the notice was also served upon the intervener. It is also claimed that the intervener is not a necessary party to the appeal. This latter ground it will not be necessary to consider, as we are of the opinion, from the affidavits filed, that it sufficiently appears therefrom that there was a substantial service of the notice of appeal on the attorney for the intervener. The notice was placed in a conspicuous place upon the office-desk in the office of the

attorney during his absence therefrom, and this was done in the presence of the person having charge of the office at the time, and after calling his attention to the paper thus served. Such person being in charge of the office must be understood to have been in charge of the whole of it, and therefore the paper placed before his eyes in a conspicuous place on the office-desk therein, is, in contemplation of law, left "with a person having charge" of the office, as the code provides. (Code Civ. Proc., sec. 1011.)   The motion to dismiss the appeal must therefore be denied.

The action is brought by the attorney-general on behalf of the state to set aside two decrees of the superior court of San Diego County, each purporting to declare and establish the validity of the proceedings for the organization of the defendant as an irrigation district.   The first decree was rendered on December 13, 1890, and the second on December 8, 1892. The complaint in this action was filed May 16, 1901.   The respective decrees are attacked upon the ground that they were procured by fraud, and it is alleged that the fraud was not discovered until within less than three years prior to the beginning of this action.   It is therefore clear that the cause of action is not barred by subdivision 4 of section 338 of the Code of Civil Procedure.

Section 343 is also pleaded in the demurrer of the intervener as a bar to the action.   We think, however, that this section has no application to a cause of action for fraud such as that here presented.

It is further pleaded in the intervener's demurrer that the action is barred by the provisions of section 3 of the act approved March 20, 1891, amending the Irrigation District Act of 1887.   The portion of that section applicable to the question involved is as follows: "Section 3. . . . Such election shall be conducted as nearly as practicable in accordance with the general election laws of this state; provided that no particular form of ballot shall be required.   The board of supervisors shall meet on the second Monday next succeeding such election and proceed to canvass the votes cast thereat, and if upon such canvass it appear that at least two thirds of all the votes cast are 'Irrigation District—Yes' the said board shall, by an order entered on its minutes, declare such territory duly organized as an irrigation district under the name and style

theretofore designated, and shall declare the persons receiving, respectively, the highest number of votes for such several offices, to be duly elected to such offices. *And no action shall be commenced or maintained, or defense made, affecting the validity of the organization, unless the same shall have been commenced or made within two years after the making and entering of said order."* (Stats. 1891, pp. 143, 144.) Under the provisions of this section it is claimed that the action to set aside a decree confirming the validity of the organization of the district is an action affecting the validity of the organization, and that no such action can be maintained or begun except within two years after the organization is completed. We think this contention is not tenable. The act in question provided for the organization of irrigation districts, and the section in which the limitation is found provided especially for the canvass of the votes, and the declaration of the due organization of the district. The limitation therein provided is to be construed as applying to a direct attack upon the proceedings for the organization of the district, or to the maintenance of some issue or defense in an action the effect whereof would be to directly deny the validity of some necessary part of the proceedings leading up to such organization. The authority for maintaining an action to examine, approve, and confirm the proceedings comes from an independent act passed by the legislature in 1889. (Stats. 1889, p. 212.) The section in question here has no relation to proceedings under the act of 1889. The present action, if it is held to be maintainable, will have no direct effect upon the validity of the organization of the district. Such validity depends not upon the subsequent rendering of a decree in an action brought for that purpose declaring it to be valid, but upon the regularity of the proceedings held under the act of 1887 as amended, providing for the due organization of the district. If those proceedings are valid, it must be because of their own character, and not because of any subsequent declaration to that effect in a decree of any court. The plaintiff here asks no relief whatever with respect to the proceedings leading up to the organization of the district. The decree of confirmation which is attacked is nothing more than evidence of the validity of the organization. It may even be admitted that it is conclusive evidence so long as it stands unimpeached, as stated

in *People* v. *Linda Vista Irrigation Dist.*, 128 Cal. 477, and *People* v. *Perris Irrigation Dist.*, 132 Cal. 292, but nevertheless it is an adjudication only, and is no part of the proceedings for the organization, and an attack upon the decree is not an attack upon the validity of the organization.   Possibly, if public policy required it, the limitation in the act of 1891 might be given a construction broad enough to cover an attack upon the validity of a decree of confirmation under the act of 1889.   But in view of the short period there fixed, and of the further fact that such decrees are given upon constructive notice only, we do not think that its effect should be extended further than its terms require.   We are therefore of the opinion that the limitation in question has no application to the present action.

With respect to the merits of the complaint but little need be said.   As to the first decree of confirmation, the fraud charged is, that there was in fact no notice of the time and place of hearing the petition, and that the court was fraudulently induced to believe that it had jurisdiction of the proceeding, and to give judgment accordingly, by means of a false affidavit, which stated that such notice had been actually given as required by law.   With respect to the second decree, the fraud alleged is, that certain property-owners within the district employed an attorney to defend and contest the petition, and that certain petitioning directors, knowing that the attorney had been so employed, by means of bribery procured him to absent himself at the hearing of the petition, and to allow the petition to be granted by default.   It is a well-established proposition that judgments procured by means of such extrinsic frauds upon the court rendering them may be set aside by resort to a court of equity.   (See note to *Little Rock etc. Co.* v. *Wells*, 54 Am. St. Rep. 245; *Curtis* v. *Schell*, 129 Cal. 211;[1] *Lapham* v. *Campbell*, 61 Cal. 298; *Dunlap* v. *Steere*, 92 Cal. 347.[2])   It is necessary in actions of this kind not only to show that the judgment was procured by fraud, but also that it was not justified by the facts, or, in other words, that there was a good defense existing to the action in which the judgment was rendered.   The facts stated to show a defense to the action for confirmation are, that the district was never legally organized, and that no petition

[1] 79 Am. St. Rep. 157.        [2] 27 Am. St. Rep. 143, and note.

signed by fifty, or a majority, of the owners of real estate within the territory comprising the district was ever made or presented to the board of supervisors of the county, and that no notice of the time or place of the presentation of the petition was ever given. It is further alleged that the organization of the district was procured by fraud as follows: The persons who wished to organize the district could not get fifty freeholders of the territory, or a majority thereof, to sign the petition for the organization, and in order to obtain the requisite number of names thereto, deeds were made conveying to a large number of persons interests in small tracts of land within the proposed district, upon the understanding and agreement that they were to accept the deeds, sign the petition, and hold the land, so that they should appear to be freeholders until after the completion of the organization of the district, whereupon they were to reconvey the land so conveyed to them to the original owners. This agreement was carried out, the deeds were made, the grantees signed the petition, and after the district was declared duly organized the lands were reconveyed as agreed. This was a sufficient showing of merits. The facts constituting the last-described fraud did not appear on the face of the proceedings, and could only be made to appear in an action begun for that purpose. It may be urged that an action would be barred by the provisions of the act of 1891, above quoted. This may be conceded. But we think that in an action to vacate a judgment obtained by fraud it is not necessary to show that the defense to the original action is not barred by the statute of limitations. If the decrees of confirmation procured by fraud are set aside, and subsequently an action is begun to declare the district illegally organized, it may be that no such defense will be interposed. The parties who have by fraud obtained the action of the court in their favor ought not to have the benefit of the statute without pleading it in a proper action. But we may concede all that may be claimed upon this part of the case. There are enough facts admitted by the demurrer to show that the proceedings for the organization of the district are invalid upon the face of the record, and, consequently, that without aid from the fraudulent decrees, the parties interested could maintain their rights without any action to declare the organization invalid. They could await the attack

and rely upon the invalidity of the record as a defense to any sort of action against them.

We regret that the respondents have not seen fit to aid the court by any brief upon the merits of the case.

The motion to dismiss the appeal is denied, the judgment is reversed, and the cause remanded for further proceedings.

Angellotti, J., and Van Dyke, J., concurred.

A rehearing in Bank was denied April 25, 1904, upon which Beatty, C. J., delivered the following opinion:—

BEATTY, C. J.—The intervener has petitioned for a rehearing of this case upon the ground that, without his fault, he has been denied an opportunity of presenting an argument on the merits.

He moved to dismiss the appeal upon the ground that notice thereof had never been served upon him. This motion was of course preliminary to any hearing upon the merits, but was presented at the same time that the cause was set for hearing. By leave of the court the motion was submitted upon briefs to be filed, but the appellant went on with the oral argument of the appeal on his part.

The claim of the intervener that he was not a party to the appeal was such that he could not very consistently participate in the oral argument on the merits, and besides he had never been served with the appellant's brief, although under our rules he was, if a party respondent, entitled to be served. At all events he made no attempt at that time to reply, but when subsequently he filed his brief upon his motion to dismiss he added the following paragraph:—

"We have not, even up to this time, been served with a copy of appellants' brief on the appeal of this case. If it be possible that the court shall disagree with us in our contention on this motion we shall, of course, be entitled to an order of this court that said brief be served and that we have the usual time for answering it. It is submitted, however, that the only action this court can take under the authorities cited in this brief, is to dismiss this appeal."

Notwithstanding this request, which in my opinion was under the circumstances entirely proper, the cause has been

decided at the same time that the motion to dismiss is over-
ruled, and without any leave to intervener to file his brief. I
think such leave should have been granted.