DELFELDER v. FARMERS' STATE BANK OF RIVERTON, ET AL.

(No. 1439; July 17, 1928; 269 Pac. 418)

(Rehearing Denied Oct. 16, 1928)

482

*E. E. Enterline* and *E. Paul Bachellor,* for plaintiff in error.

*O. N. Gibson* and *A. C. Allen,* for The Farmers State Bank of Riverton; *John Dillon,* for W. J. McLaughlin; *F. Chatterton* for Riverton Construction Company; and *Kinkead, Ellery & Henderson* for N. G. Petrie and M. F. Brothers, defendants in error.

484

Before Blume, Chief Justice, Riner, Justice, and Metz, District Judge.

Metz, District Judge.

In this appeal the plaintiff in error seeks to reverse a judgment rendered by the District Court of Fremont County, Wyoming, whereby the Farmers State Bank of Riverton, Wyoming, recovered judgment against her, in her representative capacity, in the sum of $10,971.49 together with costs. From an examination of a certified copy of the papers and the record on appeal it is disclosed that the Farmers State Bank of Riverton filed its petition on January 20th, 1921, in the District Court of Fremont County, Wyoming, against the Riverton Construction Company, N. G. Petrie, W. J. McLaughlin and Jacob A. Delfelder, and on the 18th of February, 1921, it filed its amended petition against the same defendants and Harry B. Henderson, Trustee. An examination of the pleadings discloses that the action was predicated on three promissory notes, two for five thousand dollars each and one for $7,487.56. It is alleged that these notes were executed by the Riverton Construction Company, and the payment of the two five thousand dollar notes was guaranteed in writing by Delfelder, McLaughlin and Petrie, and that the other note was endorsed by the said defendants.

The pleadings are extremely voluminous, with a number of amended petitions, amended answers, amended replies,

substituted answers, amendments, etc., also the record discloses that one or two parties intervened.

Subsequent to the filing of the petition in this case by the plaintiff bank, J. A. Delfelder, one of the defendants, died, and on June 27th, 1921, a motion for an order of revivor was made by the plaintiff bank, setting up the fact that since the filing of the petition and service of summons the defendant Delfelder had died at Rochester, Minnesota, his last will and testament had been filed in the District Court of Fremont County, Wyoming, and letters testamentary had been issued to Evelyn M. Delfelder, the Executrix named in the will, and asking for a revivor of the action against Evelyn M. Delfelder as the Executrix of the Estate of J. A. Delfelder. The order was duly made by the court reviving the action in favor of the plaintiff bank and against Evelyn M. Delfelder as Executrix of the Estate of J. A. Delfelder, deceased.

On June 28th, 1921, the executrix filed a demurrer to the petition of the plaintiff on the grounds that the petition did not state a cause of action, this demurrer apparently was never presented to the court, as on July 7th, 1921, the defendant Evelyn M. Delfelder, as Executrix, filed a separate answer to the petition of the plaintiff, and set up several defenses to the cause of action plead in the petition in reference to different payments by the Riverton Construction Company and other co-defendants, etc.

It is conceded on both sides in this case that there never was a claim presented to the executrix by the Farmers State Bank, plaintiff in this cause, and it is further conceded that at no place in any of the pleadings, or petition, or amended petition, is there an allegation to the effect that the claim sued upon in this case was ever presented at any time to the executrix.

The cause of action finally went to trial and judgment was entered in favor of the plaintiff, Farmers State Bank, and against Evelyn M. Delfelder, Executrix, for $10,947.

It is unnecessary to discuss the evidence in this case. The real points that we are asked to decide are: *First.* Under the statement of facts as herein set forth is it necessary for the plaintiff to present to the executrix its claim for allowance or rejection as required by Sections 6897, 6895, and 6891 of Wyoming Compiled Statutes 1920? *Second.* Can the executrix waive the presentation of the claim by failure to plead the non-presentation of the claim to her by the plaintiff bank in her answer? *Third.* Can the failure of the plaintiff to present its claim to the executrix be raised for the first time in the Supreme Court on appeal?

The following provisions of the Wyoming Compiled Statutes of 1920 are applicable and should be considered in discussing the necessity of pleading the presentation of a claim to the Executrix in her representative capacity:

Sec. 6887. "Within thirty days after letters are granted, the executor or administrator shall publish in some newspaper in the County, and if there be no newspaper published in the county, within some newspaper of general circulation in the state, and publish therein for three weeks a notice that letters testamentary or of administration have been granted to him, stating the date and requiring all persons having claims against the estate to exhibit them for allowance to the executor or administrator within six months after the date of .the letters, or they may be precluded from any benefit from such estate, and that if such claims be not exhibited within one year from the date of the said letters, they shall be forever debarred."

(This section was amended in the Session Laws of 1925, Chapter 93, page 97, but such amendment would not be applicable in considering this cause, as the law in force at the time of the trial is what we are to consider.)

Sec. 6889. ''All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; etc., etc.,''

Sec. 6890. ''Every claim which is due when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, that the account is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant, etc., etc.,''

Sec. 6891. ''When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must endorse thereon his allowance or rejection, with the day and date thereof. If the executor or administrator refuse or neglect to endorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day. etc.''

(This section was amended in the Session Laws of 1925, Chapter 93, page 97, but such amendment is not applicable in this cause.)

Sec. 6893. ''When a claim is rejected, either by the executor or administrator, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever debarred.''

Sec. 6894. ''No claim shall be allowed by the executor or administrator which is debarred by the statute of limitations. etc.''

Sec. 6895. ''No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the property of the estate is expressly waived in the complaint, but no counsel fees shall be recovered in such action unless such claim be so presented.''

Sec. 6897. "If any action is pending against the decedent, at the time of his death, the plaintiff *must in like manner present his claim to the executor* or administrator for allowance or rejection, authenticated as required · in other cases; and *no recovery shall be had* in the action unless proof be made of the presentation required."

Sec. 5712. "Either party may be allowed, on such terms as to costs as the court, or judge thereof, may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case which occurred subsequent to the filing of the former petition, answer or reply; but reasonable notice of the application must be given when the court or judge so requires."

In the case of O'Keefe v. Foster, 5 Wyo. 333 to 354, 40 Pac. 525, this court had under consideration the provisions of Section 6895 supra, and in that case the action was brought on a note secured by a mortgage against the administrator of the estate of a deceased person. The petition failed to allege the presentation of the claim, although it was alleged in the petition that all recourse against the property of the estate was expressly waived. Upon the trial a judgment was rendered in favor of the mortgagee and against the mortgagor and in and by the judgment counsel fees were allowed to the plaintiff. A creditor of the estate moved the vacation of that part of the judgment allowing counsel fees to the plaintiff upon the grounds that the claim *was not presented* to the administrator for allowance or rejection, and therefore no recovery could be had for counsel fees. This court in the cause referred to and hereinafter cited, after considering the statutory rule requiring the presentation of claims, used the following language:

"Even judgments against the decedent for the recovery of money must be presented to the executor or administrator like any other claim under our statutes. A presentation of the claim and its disallowance, or a delay in allowing it equivalent to its rejection, is then a necessary allegation in a suit against an executor or administrator,

under the probate code, as the right to sue such a trustee or fiduciary depends solely upon the disallowance of the claim. Where a judgment is rendered, it can only be paid in due course of administration, and it only establishes the claim in the same manner as if allowed by the administrator. In order to maintain an action against an administrator, except to enforce a lien against specific property subject to it, there must be an allegation to the effect that the claim has been presented and rejected, or that it is considered rejected upon failure to allow it within the statutory period. In an action to enforce a lien or mortgage, recourse alone must be had to the property covered by the lien, unless the claim is first presented. As the presentation of the claim was neither pleaded nor proved, and as the administrator had no right to waive the statute requiring the claim to be presented, the judgment was erroneous for counsel fee and deficiency arising upon the sale of the mortgaged realty, and the court having upon a motion timely interposed, corrected the error by modifying the judgment to conform to the law and the facts, there is no reason for disturbing its action. The judgment of the District Court modifying the judgment and decree is affirmed.''

In the case of Houtz v. Board of County Commissioners, 11 Wyo. 152, 70 Pac. 840, this court had under consideration a section of our statute providing for the presentation of claims to the Board of County Commissioners before action could be maintained thereon. That section of the statute provides:

Sec. 1362. (Wyo. C. S. 1920) ''All claims and demands held by a person, or persons, company, or corporation against a county, shall be presented for audit and allowance to the board of county commissioners of the proper county, as provided by law, before any action, in any court, shall be maintained thereon, etc., etc.''

and in construing this section the court in that case said:

''We do not perceive how it is possible to avoid the peremptory language of Section 1216 (now Section 1362)

and to permit an action to be maintained upon a claim coming within its provisions without positively disregarding the terms of the statute.''

A number of the Western states have statutes in a good many respects similar to ours, to-wit: California, Idaho, Oklahoma, Washington and Utah. The California cases on this subject are conflicting, but the later decisions seem to hold that it is necessary to file a supplemental petition showing a compliance with the statute as to the presentation of the claims, otherwise proof cannot be made of such presentation as required by the provisions of the statute. In the case of Thomas v. Fursman, et al., 39 Cal. App. 278, 286, 178 Pac. 870 to 874, on rehearing in the Supreme Court, the court says:

"In denying the application for a hearing in this court after decision by the District Court of Appeals of the First Appellate District, Division 1, we deem it proper to say that we do not approve of that portion of the opinion which substantially declares that where in an action *ex contractu* the defendant dies pending determination in the trial court, the law does not contemplate the filing of a supplemental complaint alleging the presentation of a claim against the estate as required by Section 1502, Code of Civil Procedure. The proper practice undoubtedly is to serve and file such a complaint, alleging compliance with the statute. Proof of presentation of the claim as required is made by the statute essential to recovery, and this implies an allegation of the fact upon which issue may be joined if desired, and a finding where issue is joined. No point as to this is made in the petition for hearing, and the opinion shows that there is no controversy as to the fact of due presentation of the claim. No such prejudice appears as would justify a reversal on account of this matter.''

In the above entitled case it was first considered by the District Court that it was unnecessary to file a supplemental pleading of a compliance with the section of the

statute. When application was made before the Supreme Court of California for a rehearing the Supreme Court expressed its disapproval of the holding of the District Court as quoted above. In a later case in California, Crawford v. Meadows, 203 Pac. 428 to 431, the appellant complained of the District Court for allowing a supplemental complaint to be filed substituting the administratrix of the estate and the pleading of presentation of the claim, and the Supreme Court in that case said:

"In such a case a supplemental complaint should be filed alleging the death and due presentation of the claim" citing Falkner v. Hendy, 107 Cal. 49, 40 Pac. 21 and 386, and Thomas v. Fursman, supra.

In a later case, Nesbit v. McDonald, 263 Pac. 1007, decided in January, 1928, the Supreme Court of California says, on page 1008:

"It is true that in an action upon a rejected claim under Section 1500 of the Code of Civil Procedure, presentation to, and rejection thereof, by the executor must be pleaded to give the trial court jurisdiction, and claimant can recover only on the cause of action set forth in the claim" citing a great many California authorities.

In the case of Dakota National Bank v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934 to 937, the South Dakota statute providing that no holder of any claim against an estate shall maintain an action thereon unless the claim is first presented to the executor or administrator and every claim which is due when presented to the administrator must be supported by the affidavit of the claimant, etc. The plaintiff's petition set out in full the affidavit accompanying the claim, together with the endorsement of its rejection. At the opening of the trial the defendant objected to the introduction of any evidence under the complaint for the reason that the claim as presented to

the administrator was not supported by the affidavit required by the statute, and therefore did not state a cause of action, which objection was overruled. The affidavit and claim were offered and received in evidence, and at the close of the evidence the plaintiff moved the court to direct a verdict for the plaintiff. This motion was overruled and judgment entered in favor of the defendant. The overruling of the motion was assigned as error in the appeal to the Supreme Court. The Supreme Court in passing on the question said, in part:

"The burden was on appellant to allege and prove in the trial court every fact essential to maintain its action. The allegation and proof of legal presentation of its claim was a necessary condition precedent to its right to maintain the action. The allegation of compliance and the evidence received under it are identical. Objection was made at the trial to the introduction of this evidence, etc., An entire failure to state a fact essential to the jurisdiction of the court, or failure to state a cause of action may be made at any stage of the proceedings or on appeal. etc. Legal presentation of a claim can be made only by a compliance with the requirements of Section 171, Probate Code, which says: 'Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant.'"

In the case of Whitmore v. Powell, 117 S. W. 433, the Texas Court of Civil Appeals, under a statute similar to ours, says in part:

"The affidavit required by this statute for the authentication of a claim against an estate must contain all the requisites prescribed by said statute. If any one of its essential requisites is omitted, the affidavit is fatally defective, and the administrator of the estate is forbidden to allow the claim. etc. To constitute a legal presentation

of the claim within the meaning of this statute, it is essential that the claim, when presented, be verified by an affidavit stating all the facts required to be stated by Article 2070. So that the presentation of the claim to the executor or administrator authenticated in the manner prescribed by law and its rejection by him, either in whole or in part, is a condition precedent to a suit for its establishment against the estate. Such authentication, presentation, and rejection must be averred and proved. It is not enough to merely allege its presentation and rejection; but its proper authentication should also be alleged. Until presented, properly authenticated, and rejected by the administrator, the claim has no judicial standing, and cannot be made the foundation for an action having for its purpose the collection of such claim out of the assets of the estate.''

That court also held that the statute requiring the claim to be authenticated by an affidavit such as the statute prescribed is mandatory, and that the court is prohibited from rendering judgment in favor of a claimant suing on a claim which has not been regularly presented and rejected.

In a recent decision of the Oklahoma Supreme Court in the case of Walker Drilling Company v. Carlew Drilling Contractors, 109 Okla. 7-9, 234 Pac. 598 to 601, we find the court says:

''The administratrix of the estate of W. M. Truitt, deceased, attacks the judgment rendered against her because the claim was not presented to her for allowance after the cause of action was revived against the personal representative. Personal service was had upon W. M. Truitt in the cause. The administratrix filed a general denial, and did not question the right of the plaintiff to recover on the ground that the claim had not been presented to her for allowance, etc. The plaintiff revived the action in the name of the personal representative of the deceased. The plaintiff did not file a supplemental or amended petition showing that the claim had been presented to the administratrix and disallowed. The burden was on the

plaintiff to both plead and prove the presentation of the claim to the administratrix and its disallowance within the statutory period of time; it did not do either. The administratrix filed a general demurrer to the petition, which was overruled by the court. The administratrix objected to the introduction of testimony in the cause against her, for the reason that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, which the court overruled. The court committed error in both instances. Thereafter the administratrix filed general denial in the cause. The defendant did not seek relief against the plaintiff on a counterclaim. The instant case is distinguished from the case of Coleman v. Bowles, 72 Okla. 313, 181 Pac. 304, as in the latter case the administrator sought affirmative relief in the action. The petition of the plaintiff failed to state a cause of action against the administratrix on account of the omission to plead material facts, upon which its recovery depended against the administratrix.''

An examination of the authorities will disclose the fact that a number of the states do not have statutes expressly providing that claims, which are involved in pending suits at the time the decedent dies, shall nevertheless be presented to the administrator or executor, therefore the decisions of those states which are predicated on statutes different from ours are not applicable here.

In 24 *Corpus Juris,* page 321, Section 940, it is said:

''The mere pendency of a suit against decedent at his death is not a presentation or exhibition of the claim within the meaning of the Statute of Nonclaim, nor does it dispense with the necessity of presentation, unless the statute so provides. But where plaintiff within the time limited for the presentation of claims obtains an order of revivor or making the administrator a party to such suit, this order is generally equivalent to, and dispenses with, the actual presentation of the claim, *unless of course the statute requires a presentation of the claim under such circumstances.*''

In the case of Morrison v. Land, 169 Calif. 580, 147 Pac. 259, the California court says:

"A complaint in an action for damages for breach of contract to give by will must allege presentation of the claim to the executor or administrator, etc. It is well settled that, where presentation of a claim against the estate is essential, a complaint which does not aver that the claim has been presented fails to state a cause of action. Burke v. Maguire, 154 Cal. 462, 98 Pac. 21; Morse v. Steele, 149 Cal. 305, 86 Pac. 693."

In the case of Ward v. Magaha, 71 Wash. 679, 129 Pac. 395, the Supreme Court of Washington had occasion to pass upon a case involving a number of questions similar to the questions in this case. In the Magaha case a special administrator was first appointed, and a claim was presented to the special administrator and rejected. Suit was started upon the claim. Then Magaha was qualfiied as executor and it was stipulated by the attorneys that Magaha should be substituted as defendant, that the case could proceed to trial upon the pleadings as then made up. Upon the trial of the case it appeared that the claim had never been presented to the executor and the court sustained a motion to dismiss the case for that reason. The court in deciding that case says:

"The statute does say that no holder of any claim against an estate shall maintain an action thereon unless the claim shall have been first presented to the executor or administrator. This section has been held mandatory by this court. Citing McFarland v. Fairlamb, 18 Wash. 601, 52 Pac. 239; Strong v. Eldridge, 8 Wash. 595, 36 Pac. 696; Foley v. McDonnell, 48 Wash. 272, 93 Pac. 321."

The court further held that a special administrator could not allow or reject a claim and had no power to pay a claim against an estate. That being so the claim could not have been legally presented to the special adminis-

trator and the special administrator could not be legally sued. The court further says:

"Was the objection urged waived by the executor when he adopted an answer going to the merits and went to trial upon it? Respondent takes the position that the complaint does not state a cause of action, and that under repeated rulings of this court an objection as to the sufficiency of the complaint can be made at any time even in this court. It is unnecessary to collect or review the decisions to sustain this proposition. On the other hand, appellant contends that the failure to present the claim in proper form is matter of abatement only, and, unless pleaded, is waived. To sustain this position he relies upon many cases, among them Clayton v. Dinwoodey, 33 Utah 251, 93 Pac. 723; 14 Ann. Cas. 926; Bemmerly v. Woodward, 124 Cal. 568, 57 Pac. 561; In re Morgan's Estate, 46 Or. 233, 77 Pac. 608, 78 Pac. 1029. We cite these cases because the statutes of California, Oregon and Utah are substantially the same as our own. We may grant that these cases sustain appellant's contention, although this court has held contrary to the rule of the Utah case; but they will not be held to control this case, for the general rule of practice in this state is that an objection to a complaint because it does not state a cause of action may be taken at any stage of the proceedings. In view of our special statute of non-claim, we think the formality of presentment is not entirely a matter of abatement. It is true that the debt may live, but the statute is designed for the protection of estates, and to bar a recovery. The reasoning of the cases above noted is not entirely satisfactory, nor are the California cases in entire accord with the reasoning of other cases decided by the same court. The general rule is that an executor is a trustee for the heirs, and in no sense stands in the shoes of the deceased, that he is bound by the statute, and cannot waive as against the heirs or devisees any requirement of the statute. 18 Cyc. 500 and numerous other authorities, etc. In Neis v. Farquharson it is said: 'In the second place, the appellants are not in a position to urge the objection in this court that there was no presentation of plaintiff's claim or demand to the administrator. The record does not show that the objection was made in the court below,

and it cannot be taken for the first time in the appellate court.' This would seem to sustain the theory that the presentation of a claim could be waived, but the expression is inconsistent with the later ruling of the court as declared in the Fairlamb and other cases. Since those decisions the statute must be taken as it reads, and the presentation is a fact essential to the cause of action as much so as the instrument sued on. Our conclusion is, therefore, that that part of the decision in the case of Neis v. Farquharson hereinbefore quoted is not the law, and should be overruled with the rest of the opinion. See Barto v. Stewart, 21 Wash. 618, 59 Pac. 480. The Fairlamb and other succeeding cases seem to be sustained by the better reasoning, etc., etc., under modern conditions, he cannot waive that which a statute says shall be done, for the statute measures as well the limit of his power as the extent of the creditors' or strangers' right.''

In the case of Mann v. Redmon, North Dakota, 27 N. D. 346, 145 N. W. 1031, the plaintiff's complaint is based on an action for damages and alleges the presentation of the claim and the rejection thereof. A motion was made by the defendant to dismiss the suit for the reason that the action was not started within the hundred days after claimant presented her claim to the defendant. The North Dakota Supreme Court says:

''Defendant need not have answered. Plaintiff could not have procured judgment without proof of her cause of action, a part of which must have been of the fact of rejection, and, further, that suit was brought within the statutory time upon the rejected claim. etc. Under the statute and our own decisions, it is affirmatively established that plaintiff has no cause of action, and the judgment appealed from is affirmed with costs.''

In the case of Reed v. Reed, 178 Calif. 187, 172 Pac. 600, the California court says:

''Under Code Civil Procedure, Sec. 1493 and 1500, providing that a suit against an executrix to enforce a money

demand on contract cannot be maintained unless a claim therefor has been presented to the executrix and rejected, complaint against an executrix, stating a cause of action for money on an implied contract against decedent, was insufficient because of failure to allege presentation of the claim to the executrix, etc. It is well settled that a suit against an executrix to enforce a money demand upon contract cannot be maintained unless a claim therefor is presented to the executrix and is rejected prior to the beginning of the action. The most that can be said of this complaint is that it states a cause of action for money upon an implied contract against the decedent. It is therefore insufficient because of the failure to allege the presentation of the claim.''

This court, in the case of Grover Irrigation Company v. Lovella Ditch Company, 21 Wyo. 204 to 263, 131 Pac. 43 to 62, said:

''Where a pleading is insufficient in substance, the opposite party may, without demurring, generally avail himself of such insufficiency by objecting to the introduction of evidence at the trial, by motion in arrest of judgment, by motion for judgment *non obstante veredicto*, or by proper proceeding in error.

An objection to a petition on the ground of a defect in substance may be made for the first time on appeal, but in such case the pleading objected to will be construed liberally and supported by every legal intendment, and it will be upheld if the necessary facts are fairly to be inferred from the allegations; this rule excluding objections relating merely to the form or manner in which the cause of action is stated.

Although a defendant has demurred to a petition on the ground that it is defective in substance, and the demurrer has been overruled, he does not lose the right, which would be his without demurring, to object to the petition on that ground on appeal.''

In the case of Nichols v. Board of County Commissioners, 13 Wyo. 1, 76 Pac. 381, 3 Ann. Cas. 543, this court said:

"A final judgment in a cause may be reversed on error upon the ground that it is not supported by the pleadings or findings, though no exception was taken to the judgment nor motion made in the court below to vacate or modify it."

and cites a great many authorities in said case upholding that point.

In the case of Flynn v. Driscoll, 38 Idaho 545, 223 Pac. 524-529, the plaintiff alleged the presentation of his claim to the executor and the rejection thereof, the defendant filed a general demurrer to the complaint and thereafter by leave of court, after the time for filing claims against the estate had expired, amended the demurrer by adding special grounds, among them that the cause of action was barred by certain provisions of the statute, claiming that neither the original or copy of a contract was attached to or accompanied the claim presented to the executor and that the claim as presented did not show upon what it was based nor the nature of the claim and that it was ambiguous and unintelligible. The appellants immediately asked leave to amend their complaint in eight different particulars and to amend their claim as presented to the executors. The application to amend was denied, the demurrer was sustained and the appellants' cause of action dismissed, and the court in a very well reasoned opinion held: That the claim as presented to the executor was unintelligible; that the claim as presented and passed upon by the executor was the foundation of appellants' cause of action; that the executors were entitled to have the claim presented in a sufficiently intelligible manner and form to enable them to pass upon it legally; that the commencement of the action against the executor in the District Court within the time limited for presenting claims against an estate to the executor, and the service of summons upon them, does not constitute a sufficient presentation of the appellants' claim. The court goes on

to say that an examination of the cases holding otherwise discloses that all of them arise out of an entirely different probate procedure, hence can not be authority in support of the construction claimed under the Idaho Probate Procedure. It is elementary, says Church, in his work on Probate Law and Practice, Vol. 1:

"Probate law is a creature of the statute. Each point thereof is governed by the statute in force in the particular state, and little aid can be gained from text-writers or from the decisions of other states where the statutes are not identical, or at least analogous."

The Idaho court in that opinion then goes on to say:

"There seems to be two classes of procedure—one wherein the presentation of a claim to the administrator or executor, prior to the commencement of an action, is not a prerequisite to maintaining such action, and the second in those jurisdictions, as in this state, wherein, as provided by C. S. Sec. 7581, such claim must be presented, whether due, not due, or contingent, within the time limit, and if not so presented, shall be regarded as forever barred, and as further required by C. S. Sec. 7586, when the claim is rejected by either the executor, administrator, or probate judge, the holder must bring suit in the proper court against the administrator or executor within three months after the notice of rejection. etc. and C. S. Sec. 7588, expressly provides that no holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: By the holder of a mortgage lien, etc. These statutes have been frequently construed by courts of states having the same, or analogous, provisions and the holdings have been uniform that a suit cannot be maintained on a claim against an estate until it has been presented to the administrator or executor substantially as required by the statute. The controversy in Vanderpool v. Vanderpool, 48 Mont. 448, 138 Pac. 772, arose out of a similar state of facts, and that court reversed the lower court and held that: 1. Where the claim was founded on a bond, bill or other instrument,

a copy thereof must accompany the claim; 2. That no action against an estate could be maintained until the claim was first presented to the executors; 3. That a complaint not expressly alleging due presentation fails to state a cause of action; 4. That all claims against an estate arising upon contracts must be presented within the time limited in the notice, and any claim not so presented is barred; 5. That this is a special statute of nonclaim, superseding the general statute of limitations, and makes a compliance with its terms essential to a right of action on such claim; 6. That an executor is in effect a trustee of the assets of an estate for the benefit of the creditors and heirs, and cannot waive any substantial right affecting their interest; 7. That if such executor or administrator fails to plead this statute of nonclaim against one suing on a claim not properly presented, he is personally liable for the devastavit upon payment of such claim; 8. That any misleading statement that he may have made inducing a creditor's noncompliance with the statute does not estop him from contesting the claim on that ground; 9. And that, while an equitable estoppel might under such conditions be invoked against the executor or administrator so far as his individual interest in the estate is concerned, it cannot operate to the prejudice of the heirs or other creditors.''

We have not attempted to cite all the authorities on the questions involved in this case. There are a number of authorities holding that the filing of the suit and service of summons is sufficient notice and presentation of a claim to the executor; there are authorities that hold that the failure of the administrator to plead the failure of the claimant to present the claim is a waiver, and especially so if not first raised in the lower court; there are other authorities that hold that the administrator is estopped when he does not raise the point in the lower court. But all these authorities, as far as we can find, with the exception of Utah and some of the earlier California cases, are decisions of courts that do not have statutes like ours.

Our statute is mandatory, it is clear and unambiguous and uses the word ''must'' in describing what the claimant

must do before bringing suit, the legislature has in clear and concise terms definitely stated the duty of the administrator and the procedure that a claimant must pursue before he is entitled to bring suit upon his claim.

The legislature specifically provided what must be done by a claimant when an action is pending against a decedent at the time of his death, and while Section 6897 of the Wyoming Compiled Statutes of 1920 may appear harsh, and works a hardship at times, nevertheless, it is our duty to construe and enforce the law as enacted by the legislature, and not to make the laws.

We have held at numerous times that the omission of certain statutory averments essential to the petition may be raised for the first time in the appellate court, and this court has, as mentioned above, in no uncertain terms held that an allegation in the petition of the presentation of the claim to and disallowance by the administrator or executor is necessary in a suit against an administrator or executor under our code, and that the right to sue such trustee or fiduciary depends upon the presentation and disallowance of the claim.

Consequently, we are of the opinion that if the matter had been called to the attention of the lower court by demurrer or answer that the lower court would either have sustained the demurrer or dismissed the case for failure of the plaintiff to allege and prove presentation and rejection of the claim within the proper time.

From what has been said above we are of the opinion: First, that the lower court was without jurisdiction to enter judgment against the defendant, because of the failure of the plaintiff to plead and prove the presentation of the claim by the plaintiff to the executrix and her rejection of the same under the statute; Second, that the motion to revive the action as against the executrix is not a presentation of the claim as contemplated by Section 6897, Wyo. C. S. 1920; Third, that the want of the allegation in the petition of presentation to and rejection of the claim by the

executrix is such a matter of substance that it can be raised for the first time in the appellate court.

The judgment of the District Court is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*

BLUME, Chief Justice, and RINER, Justice, concur.

## ON PETITION FOR REHEARING

METZ, District Judge.

This matter is before us on a petition for rehearing, the attorneys for the appellee thinking that we might have overlooked the question they now seek to argue, the contention of the appellee being that, because we adopted Section 6897, W. C. S. 1920 from the state of California, presumptively at least we also adopted with it the construction placed upon it by the Supreme Court of California prior to its adoption. We have no particular fault to find with this statement of the appellee. However, he goes further in his argument and insists that we must also adopt the practice of the State of California which has grown up about this particular section. To this latter contention we cannot consent, a least as applicable to cases in which a contrary rule of practice has been established in this state.

We understand the law to be, and rightly so, that every state reserves unto itself the right to say what the practice within her own courts will be. Gray v. Askew, 3 Oh. 481, wherein it is said:

"Again, where a practice has grown up under a statute in a particular and sovereign jurisdiction, it is no just inference that, if another sovereign jurisdiction ingraft the same statute into their code, they intended to ingraft, also into their practice, the practice founded upon it, in the jurisdiction from whence it was taken. The provisions of the statute may be well adapted to the institutions of the government adopting it. The practice founded upon it may be adverse to these institutions; and these facts must enter into the determination whether the construction is to be

adopted or not. This rests upon the decision of courts, and cannot be deduced from the mere fact of enacting the statute.''

The practice in this state has long been established, and is discussed in the former opinion, that matters of substance may be raised for the first time in the Supreme Court. Grover Irrigation Co. v. Lovella Ditch Co., 21 Wyo. 204, 131 Pac. 43; Nichols v. Board of Com'rs., 13 Wyo. 1, 76 Pac. 381; Delfelder v. Farmers State Bank, (Wyo.) 269 Pac. 418.

We gave this case careful consideration before, and if we adopted the practice of each state from which we may have taken a section of our law, we would soon be in a hopeless muddle. Where the legislature has not spoken on the subject we reserve the right to say what the practice shall be in the courts of this state. We see no reason for setting aside the practice so well established in this state on the question of raising matters of substance for the first time in the Supreme Court.

The petition for rehearing is denied.

BLUME, Ch. J., and RINER, J., concur.