386 P.2d 630 (1963)
John LO SASSO, as Administrator of the Estates of Gary Dean Kroepel and Mark Douglas Kroepel, Deceased, Appellant (Plaintiff below),
v.
Arthur BRAUN, as Administrator of the Estate of Otto Braun, Deceased, Appellee (Defendant below).
No. 3164.
Supreme Court of Wyoming.
November 12, 1963.
*631 Paul B. Godfrey, Cheyenne, Henderson, Godfrey & Kline, on the brief, Cheyenne, for appellant.
Carl L. Lathrop, Cheyenne, Lathrop, Lathrop & Tilker, on the brief, Cheyenne, for appellee.
Before PARKER, C.J., and HARNSBERGER, GRAY and McINTYRE, JJ.
Mr. Justice McINTYRE delivered the opinion of the court.
This case involves an asserted claim for damages in connection with the death of two children, ages nine and six. The children were killed in an automobile accident while riding as guests in a vehicle driven by Otto Braun, who was also killed in the accident.
According to appellant's brief, there is no dispute that a "creditor's claim" was not filed in the estate of Otto Braun. However, suit was filed against the administrator within the creditor's claim period. After the six-month period for filing claims had elapsed, the case came before District Judge Allen A. Pearson for pretrial conference, the defendant having pleaded that the complaint failed to state a claim against defendant upon which relief could be granted.
At this conference the matter of failure to file a claim under the provisions of § 2-227, W.S. 1957, was brought to the court's attention. Subsequently attorneys for plaintiff asked leave to amend the complaint by alleging the existence of liability insurance carried by Braun and naming the insurance company as a party defendant. In the proposed amended complaint, plaintiff would have waived any claim against the assets of the estate of Otto Braun.
The judge ruled in effect that plaintiff's claim was barred by his failure to file a claim in the Braun estate and that the defect could not be cured by amendment. In consequence, the right to amend was denied and the suit was dismissed. We are asked on appeal to say whether the action of the district judge was correct. We think it was.
The statutory requirement for presenting a claim to the executor or administrator of an estate, as contained in § 2-227, is:
"No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the other property of the estate is expressly waived in the complaint."
Also, the provisions of § 2-221, W.S. 1957, have an important bearing in this case. That section provides:
"All claims whether the same be due, not due, or contingent, must be filed or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever * * *."
In bringing his appeal to us, the administrator of the children's estate argues that the exception in § 2-227 pertaining to an action by a mortgagee to enforce his mortgage lien, where recourse against other estate property is waived, shows a legislative intent to exempt from the provisions of the section all claims when the claimant is not seeking an asset of the estate.
If the legislature did in fact have such an intention, it failed to express it, and of course, we could not if we would act for the legislature by adding an exception which is clearly omitted. Such action would be in violation of the general rule that courts cannot supply omissions in a statute and will not read into a statute exceptions not made by the legislature. Lewis, Roca, Scoville & Beauchamp v. Inland *632 Empire Insurance Company, 10 Cir., 259 F.2d 318, 323; Furman v. Naldon Realty Corp., Sup., 210 N.Y.S.2d 140, 142; Jackson v. State Corporation Commission, 183 Kan. 246, 326 P.2d 280, 283; City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936, 940; In re Moore's Estate, 210 Or. 23, 307 P.2d 483, 65 A.L.R.2d 715, mandate recalled 210 Or. 44, 308 P.2d 180.
As stated in State ex rel. Morrison v. Anway, 87 Ariz. 206, 349 P.2d 774, 776, it is a universal rule that courts will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions. Appellant therefore asks more than we can grant, in asking that we enlarge the exception expressed in § 2-227 so as to make it apply to all claims where the claimant does not seek to reach assets of the estate.
This court has previously pointed out, in Delfelder v. Farmers' State Bank, 38 Wyo. 481, 269 P. 418, 424, rehearing denied 270 P. 1081, that if these probate, statutory provisions seem harsh, redress is of course with the legislature and not with the courts, since it is our duty to construe and enforce the law as enacted by the legislature, and not to make laws.
Whatever may be the rule in other states, many of which have probate statutes materially different from ours, it is sufficiently settled in this jurisdiction that the timely presentation of a claim in probate is a prerequisite to the maintaining of an action thereon. It is equally well settled that the presentation of the claim and its disallowance or delay in allowing are, under our probate code, necessary allegations in a suit against an executor or administrator. Delfelder v. Farmers' State Bank, supra, at 269 P. 420-424; O'Keefe v. Foster, 5 Wyo. 343, 40 P. 525, 526-527. See also Lindsay v. Collins, D.C.Wyo., 96 F. Supp. 994, 997-998.
Inasmuch as a claim was not presented during the time allowed by statute, plaintiff cannot state a cause of action against defendant upon which relief can be granted, and the district court properly dismissed the suit. This is the holding in the Delfelder, O'Keefe, and Lindsay cases cited above, and appellant seems not to challenge the correctness of such holding.
Instead he says, in essence the case is submitted upon the proposition that insurance is not an asset of the estate, and when recourse against assets of the estate is waived, the insurance company should not be permitted to raise the defense of failure to file a claim in the decedent's estate.
The fallacy in this position is that plaintiff has no cause of action against the insurance company, and the existence of liability insurance does not create a right of action where none would otherwise exist. Ball v. Ball, 73 Wyo. 29, 269 P.2d 302, 306. See Fox v. Fox, 75 Wyo. 390, 296 P.2d 252, 257; and 5A Am.Jur., Automobile Insurance, § 104, p. 105.
On the record before us, we are left with no alternative but to say the representative of the children's estate cannot maintain an action upon his claim for the reason that it was not presented as required by § 2-227. Also, the claim is "barred forever," according to the express provisions of § 2-221. See State ex rel. State Board of Charities and Reform v. Bower, Wyo., 362 P.2d 814, 822, rehearing denied Wyo., 363 P.2d 791, to the effect that the object of probate proceedings in connection with estates of deceased persons is to wind up the affairs of a decedent in an orderly manner and to make distribution of assets remaining to persons entitled as speedily as is practicable.
Affirmed.